UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER,

    Plaintiff,

vs.

BARRON'S, INC., et al.,

    Defendants.

_____/

### DEFENDANTS' NOTIFICATION OF NINETY DAYS EXPIRING

Pursuant to Local Rule 7.1(b)(4), Defendants Dow Jones & Company, Inc. ("Dow Jones") and William Alpert ("Alpert") hereby provide notice that the following motions have been pending and fully briefed with no hearing set thereon for a period of ninety (90) days:

(1) <u>Motions</u>.  On September 30, 2019, Defendants filed the following dispositive motions:

    (A) Defendant Alpert filed a Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Joint Motion with All Defendants to Dismiss for Improper Venue or Transfer to the S.D.N.Y. [ECF No. 40] ("Alpert's Motion"), and

    (B) Defendant Dow Jones filed a Motion to Dismiss for Failure to State a Claim as a matter of law and Joinder in the Joint Motion of All Defendants to Dismiss for Improper Venue or to Transfer Venue [ECF No. 43] ("Dow Jones's Motion").

(2) <u>Joinder</u>.  On September 30, 2019, Defendant Teri Buhl filed a Joinder in the Joint Motion of All Defendants to Dismiss for Improper Venue or Transfer [ECF No. 46].

(3) <u>Responses</u>.  On October 14, 2019, Plaintiff filed Responses in Opposition to both Alpert's Motion [ECF No. 49] and Dow Jones's Motion [ECF No. 48].

(4) <u>Replies</u>.  On October 21, 2019, Alpert filed a Reply in Support of his Motion to Dismiss or Transfer [ECF No. 50] and Dow Jones filed a Reply in Support of its Motion to Dismiss [ECF No. 51].  On the same date, Buhl filed a Joinder in Alpert's Reply Memorandum [ECF No. 52].

(5) <u>Hearing</u>.  No hearing on the motions has been set or held.

The ninety days from the completion of briefing on the above Motions expired on January 19, 2020.

Resolution of Defendants' Motions will have a significant impact on the direction and scope of case, including whether it will proceed at all or will proceed in a different venue. Further, given the underlying First Amendment considerations, determination of whether Alpert, an individual reporter, is subject to personal jurisdiction, whether this action should be transferred in the interests of justice to New York and whether in all events Plaintiff's claims fail as a matter of law, are especially important for early disposition.  *See* ECF No. 43 at 10 (citing *Michel v. NYP Holdings*, Inc., 816 F.3d 686, 702 (11th Cir. 2016) ("there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation")).

Dated: January 21, 2020

                                                            Respectfully submitted,

| /s/ *Natalie J. Spears* | /s/ *Rachel E. Fugate* |
|---|---|
| Natalie J. Spears (*pro hac vice*) | Rachel E. Fugate (Florida Bar. No. 144029) |
| Gregory R. Naron (*pro hac vice*) | Kendall O. Pfeifer (Florida Bar No. 105445) |
| Jacqueline A. Giannini (*pro hac vice*) | SHULLMAN FUGATE PLLC |
| DENTONS US LLP | 2101 Vista Parkway, Suite 4006 |
| 233 S. Wacker Dr. | West Palm Beach, FL 33411 |
| Chicago, IL 60606 | Telephone: (561) 429-3619 |
| Telephone: (312) 876-8000 | rfugate@shullmanfugate.com |
| natalie.spears@dentons.com | kpfeifer@shullmanfugate.com |
| gregory.naron@dentons.com | |
| jacqui.giannini@dentons.com | *Attorneys for Defendant William Alpert and Dow Jones & Company, Inc.* |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 21, 2020, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the service list and by email on Defendant Teri Buhl.

                                               */s/ Rachel E. Fugate*
                                               Rachel E. Fugate
                                               Florida Bar No. 0144029