**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER,

      Plaintiff,

vs.

BARRON'S, INC., et al.,

      Defendants.

_____/

**<u>JOINT STATUS REPORT</u>**

      Plaintiff Harvey J. Kesner, by counsel, and Defendant Dow Jones and Company, Inc. ("Dow Jones") jointly submit this status report on Dow Jones's Motion to Compel and Request for Hearing on Discovery ("Motion to Compel") (ECF No. 62).  A brief recitation of the procedural history is set forth below and the individual requests and interrogatories follow in the chart format requested by the Court.

      On March 12, 2020, pursuant to an agreed extension, Plaintiff served his responses to Dow Jones's First Set of Requests for Production of Documents ("Document Requests") and Interrogatories.  Plaintiff, however, did not produce any documents at that time.  On March 16, Dow Jones's counsel sent Plaintiff's counsel a letter requesting his document production and outlining certain deficiencies in Plaintiff's responses.  On March 25, Dow Jones's counsel followed up.  Having not received a response from Plaintiff's counsel since March 12, Dow Jones filed its Motion to Compel on March 26.  Plaintiff's counsel then informed Dow Jones's counsel that he was very sick with the virus and had not been able to meet and confer.  Counsel

for the parties began to work on a joint motion to extend the pretrial deadlines in light of the circumstances surrounding Plaintiff's counsel's illness and the Novel Coronavirus pandemic.

On April 2, the same day the Court ordered the parties to meet and confer, Plaintiff filed his response to the Motion to Compel, indicating that he would meet and confer with Defendants and begin his document production the next day.  On April 3, Plaintiff's counsel informed Dow Jones's counsel that Plaintiff's document production was ready and forwarded a draft of a protective order.  Following numerous email communications between counsel for the parties (*see* exhibit A), and agreement on April 9 on the terms and conditions of a protective order, Plaintiff made his first production of documents on April 14.  Given the timing of the production, Dow Jones has not had an opportunity to meaningfully review those documents in depth. Plaintiff also has informed Dow Jones that he intends to make additional, rolling document productions.  Counsel for the parties and Teri Buhl participated in a telephonic meet and confer on the afternoon of April 15.  The results of that meet and confer are set forth below.

Plaintiff has agreed to produce the additional information and documents noted below by April 30, 2020.  It is Defendant Dow Jones's position that Plaintiff's compliance with this new deadline will be critical given the discovery schedule, which while recently partially extended by the Court, is compressed given the circumstances and the discovery that remains to be done, including third party discovery and depositions.  Accordingly, Dow Jones requests that the Court enter an order on Dow Jones's Motion to Compel, providing for compliance based on the parties' meet and confer agreements set forth below.  Plaintiff and Dow Jones request that in lieu of the telephone conference set for next week on April 23, 2020, that the Magistrate Judge schedule a call for mid-May 2020 to address any remaining issues from this Motion, following Plaintiff's supplemental productions and responses.

Dated: April 16, 2020                                   Respectfully submitted,


**By:**   /s/ Robert C. Buschel                         /s/ Rachel E. Fugate

Robert C. Buschel                                        Rachel E. Fugate
(Florida Bar No. 0063436)                                (Florida Bar. No. 144029)
BUSCHEL GIBBONS, P.A.                                     Kendall O. Pfeifer
One Financial Plaza                                       (Florida Bar No. 105445)
100 S.E. Third Avenue, Suite 1300                         SHULLMAN FUGATE PLLC
Fort Lauderdale, FL 33394                                 2101 Vista Parkway, Suite 4006
Tel: (954) 530-5301                                       West Palm Beach, FL 33411
Buschel@BGlaw-pa.com                                      Telephone: (561) 429-3619
                                                         rfugate@shullmanfugate.com
Steven S. Biss (VSB # 32972)                             kpfeifer@shullmanfugate.com
300 West Main Street, Suite 102
Charlottesville, Virginia 22903                          Natalie J. Spears (*pro hac vice*)
Tel: (804) 501-8272                                      Gregory R. Naron (*pro hac vice*)
stevenbiss@earthlink.net                                 Jacqueline A. Giannini (*pro hac vice*)
                                                         DENTONS US LLP
*Attorneys for Plaintiff*                                233 S. Wacker Dr.
                                                         Chicago, IL 60606
                                                         Telephone: (312) 876-8000
                                                         natalie.spears@dentons.com
                                                         gregory.naron@dentons.com
                                                         jacqui.giannini@dentons.com

                                                         *Attorneys for Defendants Dow Jones*
                                                         *& Company, Inc. and William Alpert*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March April 16, 2020, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the service list and by email on Defendant Teri Buhl.


*/s/ Rachel E. Fugate*
Rachel E. Fugate
Florida Bar No. 0144029

**Document Request No. 2:** All Documents, including Communications, referring or relating to the following corporations or their stock, including but not limited to Documents and Communications that reflect Your or Sichenzia's representation of such corporation in SEC-related matters:  MabVax Therapeutics Holdings, Inc.; MGT Capital Investments, Inc.; Cocrystal Pharmaceuticals, Inc. (f/k/a BioZone Pharmaceuticals, Inc.); and Riot Blockchain, Inc.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Request No. 2 to documents in Plaintiff's personal possession or control.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Request No. 2 is overbroad.  Plaintiff has no access to and cannot produce documents that may be in the possession of his former law firm Sichenzia.  These documents can be obtained from Sichenzia by subpoena.<br><br>Subject to Dow Jones's proposed limitation, Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 2. | |

**Document Request No. 3:** All Documents, including Communications, referring or relating to Barry Honig, Michael Brauser, Mark Groussman, John Stetson, Philip Frost, or any of the other individual Defendants originally named in the SEC Action (jointly, the "SEC Action Defendants").

**Plaintiff's Response:** Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Request No. 3 to communications in Plaintiff's personal possession or control with Barry Honig, Michael Brauser, Mark Groussman, John Stetson, Philip Frost, or any of the other individual Defendants originally named in the SEC Action (jointly, the "SEC Action Defendants") that refer to relate to the *Barron's* Article, Defendants Dow Jones and Alpert, the SEC Investigation or the SEC Action.  Dow Jones agrees, as an initial matter, to limit Request No. 3 to the time period referenced in the SEC Action, which is 2013-2018, but reserves the right to confer with Plaintiff further as to an earlier time frame as discovery proceeds.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Subject to Dow Jones's proposed limitation, Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 3. | |

**Document Request No. 4:** All Documents, including Communications, You have produced to the SEC in response to any subpoena, document request or other demand relating to any matter, including but not limited to the SEC Action and the SEC Action Defendants.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones stands by its position that Plaintiff's boilerplate objections are insufficient and improper.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff agrees to withdraw his objections to Request No. 4 and will produce all non-privileged documents in his possession or control responsive to Request No. 4. | |

**Document Request No. 6:** All Documents, including Communications, relating to the SEC Action.  This includes Communications with any Person, as well as statements posted on the Internet by You or Your agents under any name or alias.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

   Subject to the foregoing objections, any and all documents in Plaintiff's possession will be produced.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Request No. 6 to documents in Plaintiff's personal possession or control and exclude documents that may be in the possession of Sichenzia or another third-party.  Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Request No. 6 is overbroad.  Plaintiff has no access to and cannot produce documents that may be in the possession of others.  These documents can be obtained by subpoena.  Subject to Dow Jones's proposed limitation, Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 6. | |

**Document Request No. 10:** All Documents, including Communications, relating to the Baker Botts Action.  This includes Communications with any Person, as well as statements posted on the Internet by You or Your agents under any name or alias.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Request No. 10 to non-privileged documents in Plaintiff's personal possession or control, to the extent they exist.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Subject to Dow Jones's proposed limitation, Plaintiff withdraws his objection and will produce all non-privileged documents in his possession or control responsive to Request No. 10. | |

5

| **Document Request No. 11:** All documents, including Communications, You produced in the MabVax Action. | | |
|---|---|---|
| **Plaintiff's Response:** Objection — cumulative. | | |
| Movant's (Dow Jones) Position:<br><br>Dow Jones states that Plaintiff's boilerplate objection is improper and fails to identify in what way Request No. 11 is supposedly cumulative.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved, pending Plaintiff's reviewing and obtaining approval under the Protective Order in the MabVax Action, if needed. It is possible that the parties may need the assistance of this Court to facilitate approval and/or production. | Opponent's (Plaintiff) Position:<br><br>Plaintiff will produce all non-privileged documents responsive to Request No. 11, that he is permitted to disclose to Dow Jones after seeking approval to do so under the Protective Order in the MabVax Action, if needed. | |

| **Document Request No. 12:** All Documents, including Communications, You produced in the Haynes and Boone Action. | | |
|---|---|---|
| **Plaintiff's Response:** Objection — cumulative. | | |
| Movant's (Dow Jones) Position:<br><br>Dow Jones states that Plaintiff's boilerplate objection is improper and fails to identify in what way Request No. 12 is supposedly cumulative.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Opponent's (Plaintiff) Position:<br><br>Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 12. | |

**Document Request No. 13:** Your answers to interrogatories in the MabVax Action.

**Plaintiff's Response:** Objection — cumulative.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones states that Plaintiff's boilerplate objection is improper and fails to identify in what way Request No. 13 is supposedly cumulative.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 13. | |

**Document Request No. 14:** Your answers to interrogatories in the Haynes and Boone Action.

**Plaintiff's Response:** Objection — cumulative.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones states that Plaintiff's boilerplate objection is improper and fails to identify in what way Request No. 14 is supposedly cumulative.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 14. | |

9

**Document Request No. 15:** All Documents, including Communications, relating to Your ownership interest in, financing of or control of Equity Stock Transfer.

**Plaintiff's Response:**   Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones stands by its position that Plaintiff's boilerplate objections are insufficient and improper. Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff's counsel will confirm with his client whether any non-privileged documents responsive to Request No. 15 exist in Plaintiff's personal possession or control.  To the extent such documents exist, they will be produced.  Any documents will be produced subject to the terms and conditions of the agreed protective order. | |

**Document Request No. 16:** All Documents, including Communications, relating to Equity Stock Transfer's work on behalf of Cocrystal Pharma, Inc. (f/k/a BioZone Pharmaceuticals, Inc.) and MabVax Therapeutics Holdings, Inc.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones stands by its position that Plaintiff's boilerplate objections are insufficient and improper. Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff's counsel will confirm with his client whether any non-privileged documents response to Request No. 16 exist in Plaintiff's personal possession or control.  To the extent such documents exist, they will be produced.  Any documents will be produced subject to the terms and conditions of the agreed protective order. | |

**Document Request No. 17:** All Documents, including Communications, relating to Equity Stock Transfer's work on behalf of Valor Gold Corp., MusclePharm Corporation, Be Active Holdings, Inc., BTCS Inc., ChromaDex Corporation, Orbital Tracking Corp., Towerstream Corporation, Marathon Patent Group, Inc. and PolarityTE, Inc.

**Plaintiff's Response:** Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones stands by its position that Plaintiff's boilerplate objections are insufficient and improper.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff's counsel will confirm with his client whether any non-privileged documents response to Request No. 17 exist in Plaintiff's personal possession or control. To the extent such documents exist, they will be produced. Any documents will be produced subject to the terms and conditions of the agreed protective order. | |

**Document Request No. 18:** All Documents, including Communications, regarding Your employment, partnership terms and departure from Sichenzia, including but not limited to communications with other partners at Sichenzia.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones stands by its position that Plaintiff's boilerplate objections are insufficient and improper.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff agrees to withdraw his objections to Request No. 18 and will produce all non-privileged documents in his possession or control responsive to Request No. 18.  All documents will be produced subject to the terms and conditions of the agreed protective order. | |

**Document Request No. 19:** All of Your performance evaluations, client credit or relationship assessments and compensation reviews during Your employment at Sichenzia.

**Plaintiff's Response:** Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Request No. 19 to documents in Plaintiff's personal possession going back five years, but reserves the right to confer with Plaintiff further as to an earlier time frame as discovery proceeds. | Subject to Dow Jones's proposed limitation, Plaintiff will produce all non-privileged documents in his personal possession or control responsive to Request No. 19. | |
| Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved at this time. | | |

14

**Document Request No. 20:** All Documents, including Communications, relating to the circumstances of Your departure from Haynes and Boone or Your departure from Sichenzia.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones stands by its position that Plaintiff's boilerplate objections are insufficient and improper.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff agrees to withdraw his objections to Request No. 20 and will produce all non-privileged documents in his possession or control responsive to Request No. 20.  All documents will be produced subject to the terms and conditions of the agreed protective order. | |

**Document Request No. 21:** All Documents that refer or relate to any complaints against You, or ethics complaints or inquiries about You, or censure, suspension, or discipline of You in connection with any profession, job or employment at any time.

**Plaintiff's Response:**  Objection – beyond the scope of Rule 26(b)(1) (both relevance and proportionality), overbroad as to time frame and subject matter, unduly burdensome and unreasonable for Plaintiff to have to obtain these documents; attorney- client privilege and work-product.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Request No. 21 to documents dating back to 2006.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Subject to Dow Jones's proposed limitation, Plaintiff will produce all non-privileged documents in his possession or control responsive to Request No. 21. Any documents will be produced subject to the terms and conditions of the agreed protective order. | |

**Interrogatory No. 1:** Identify each and every statement in the Barron's Article that You allege is false and defamatory and of and concerning You and which forms the basis of Your claims in this Action, and for each statement:

     a.     explain specifically what is false and what You contend the truth is;

     b.     explain specifically how the statement injured Your reputation;

     c.     identify all facts and documents that support Your contention that the statement is false; and

     d.     identify all Persons with knowledge relating to the truth or falsity of the statement.

**Plaintiff's Response:** Responding to this interrogatory and each of its subparts, Plaintiff states as follows:

     1a. The false and defamatory statements are identified in Plaintiff's amended complaint and in his memorandum in opposition to Barrons' motion to dismiss pursuant to Rule 12(b)(6). The statements and meaning of the statements are well understood and self-explanatory. The statements are false and defamatory because, among other things, Plaintiff was not the lawyer at the center of the SEC pump-and-dump case. Plaintiff has never been a lawyer for or associated with Dr. Philip Frost or Opko Health. Plaintiff is not now and never has been the target or subject of any investigation involving Dr. Philip Frost, Opko Health, Barry Honig, Riot Blockchain, John O'Rourke, Mabvax Therapeutics Holdings, Inc. ("Mabvax"), Polarity, or any other company or person named in the Barron's Article. Neither the SEC nor the Department of Justice nor the FBI has ever contacted, subpoenaed, interviewed or noticed Plaintiff regarding any of the persons or allegations in the Barron's Article. Plaintiff has not received any Wells Notice and has not been subpoenaed, deposed or interviewed with respect to any matter in the Barron's Article by any government or regulatory authority, or civil litigant, other than Mabvax, which is involved in a lawsuit with Plaintiff. Barrons failed to report in any fair or balanced manner the answer and affirmative defenses to the civil litigation with Mabvax.

     1b. Plaintiff objects to this interrogatory on the basis and to the extent that it may be the subject to expert testimony. The statements are defamatory per se and caused direct and long lasting injury to Plaintiff's unblemished 30+ year career and reputation in which he has never as an attorney been the subject of any litigation or claim of malpractice, wrongdoing or malfeasance, other than unsubstantiated and false allegations with respect to a dispute with a prior law firm in which he was a partner and the pending Mabvax litigation. Plaintiff has been shunned from association with colleagues and counterparties in which his career requires open and consistent relations, such as other attorneys, colleagues at his former law firm, investment bankers, investors, auditors, accountants and regulators. Plaintiff has, among other things, been unable to secure positions as attorney, board member, author and been terminated by clients, and shunned from the profession in which he previously maintained high reputation as a direct result of the Barron's Article.

     1c. See 1.a above. Documents that support the falsity of the statements are, among other things, in the possession of the above persons as well as Defendants.

| 1d. Each of the above-named persons or entities has knowledge of the falsity of the statements in the Barron's Article. | | |
|---|---|---|
| Movant's (Dow Jones) Position:<br><br>Plaintiff's response is insufficiently vague.  Plaintiff fails to identify with specificity the statements in the Article that he believes are false.  He also fails to identify with specificity the requested items in parts 1b - 1d.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Opponent's (Plaintiff) Position<br><br>Plaintiff will supplement his response to Interrogatory No. 1 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 2:** To the extent that You contend that the Barron's Article contains a false and defamatory implication about You, identify each and every implication that You allege is false and defamatory, and for each implication:

     a.     identify the specific statements in the Barron's Article that You allege give rise to the implication;

     b.     explain specifically what is false and what You contend the truth is;

     c.     explain specifically how the implication injured Your reputation;

     d.     identify all facts and documents that support Your contention that implication is false; and

     e.     identify all Persons with knowledge relating to the truth or falsity of the statement.

**Plaintiff's Response:** Responding to this interrogatory and each of its subparts, Plaintiff states as follows:

     2a/2b. The false and defamatory statements are identified in Plaintiff's amended complaint and in his memorandum in opposition to Barrons' motion to dismiss pursuant to Rule 12(b)(6). The defamatory implication and meaning of the statements are well understood and self-explanatory. Plaintiff did not commit securities fraud. Plaintiff did not aid and abet or counsel anyone to commit securities fraud. Plaintiff has never been a lawyer for or associated with Dr. Philip Frost or Opko Health. Plaintiff is not now and never has been the target or subject of any investigation involving Dr. Philip Frost, Opko Health, Barry Honig, Riot Blockchain, John O'Rourke, Mabvax, Polarity, or any other company or person named in the Barron's Article. Neither the SEC nor the Department of Justice nor the FBI has ever contacted, subpoenaed, interviewed or noticed Plaintiff regarding any of the persons or allegations in the Barron's Article. Plaintiff has not received any Wells Notice and has not been subpoenaed, deposed or interviewed with respect to any matter in the Barron's Article by any government or regulatory authority, or civil litigant, other than Mabvax, which is involved in a lawsuit with Plaintiff. Barrons failed to report in any fair or balanced manner the answer and affirmative defenses to the civil litigation with Mabvax.

     2c. Plaintiff objects to this interrogatory on the basis and to the extent that it may be the subject to expert testimony. Without waiving the foregoing objection, the defamatory implication of the Barron's Article, that Plaintiff was the lawyer at the center of a securities fraud scheme, caused direct and long lasting injury to Plaintiff's unblemished 30+ year career and reputation in which he has never as an attorney been the subject of any litigation or claim of malpractice, wrongdoing or malfeasance, other than unsubstantiated and false allegations with respect to a dispute with a prior law firm in which he was a partner and pending Mabvax litigation. Plaintiff has been shunned from association with colleagues and counterparties in which his career requires constant trust and confidence, open and consistent communications and professional regard, such as other attorneys, colleagues at his former law firm, investment bankers and brokerage firms, investors, auditors, accountants, regulators and other regular participants in the capital markets and securities offerings. Plaintiff has, among other things, been unable to secure positions as attorney, board member, author

and been terminated by clients, and shunned from the profession in which he previously maintained high reputation as a direct result of the Barron's Article.

   2d. Documents that support the falsity of the statements are, among other things, in the possession of the above persons as well as Defendants.

   2e. Each of the above-named persons or entities has knowledge relating to the false implications of the statements in the Barron's Article.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position | |
|---|---|---|
| Plaintiff's response is insufficiently vague.  Plaintiff fails to identify with specificity the statements in the Article that he believes given rise to a false and defamatory implication.  He also fails to identify with specificity the requested items in parts 2b - 2e.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will supplement his response to Interrogatory No. 2 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 3:** Identify all clients You or Sichenzia have represented "that were in the sights of the SEC during a multi-year, multi-company investigation" as alleged in paragraph 4 of the Complaint or whose investors have included Barry Honig, Michael Brauser, Mark Groussman, John Stetson, Philip Frost, or any of the other original individual Defendants named in the SEC Action.

**Plaintiff's Response:** Plaintiff objects to interrogatory no. 3 because the request for "all clients" and the time frame is overbroad, unduly burdensome and irrelevant to the claims at issue. *See, e.g., James Madison Project v. C.I.A.*, 2009 WL 2777961, at * 4 (E.D. Va. 2009) ("a request for 'all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion.' … Such a request 'unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request.") (quoting *Mass. v. U.S. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *id. Big Voices Media, LLC. v. Wendler*, 2012 WL 6021443, at * 2 (M.D. Fla. 2012) (concluding that interrogatories that seek particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome in part because the party propounding the interrogatories can obtain the information by depositions or document requests); *High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424, at * 18 (D. Kan. 2011) ("This Court has found interrogatories that ask a party to identify 'each and every fact' or 'all facts' supporting its allegations to be overly broad and unduly burdensome."); *PIC Grp., Inc. v. Landcoast Insulation, Inc.*, 2010 WL 4791710, at * 1-8 (S.D. Miss. 2010) (denying motion to compel response to interrogatory requesting responding party to identify each and every oral communication because it is unreasonably and unduly burdensome and the least efficient way to obtain such information); *Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at * 8 (D. Kan. 2005) ("Interrogatories should not require the answering party to provide a narrative account of its case."). Plaintiff further objects because the interrogatory seeks information that is unknown to or not in Plaintiff's possession. Plaintiff further objects because the information sought is irrelevant to Plaintiff's claims because it does not relate to Plaintiff, and it is not proportional to the needs of this case.

Subject to and without waiving the foregoing objections, Plaintiff maintains that the identity of his clients is confidential and privileged.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Dow Jones agrees to limit Interrogatory No. 3 to clients of Plaintiff, and not clients of Sichenzia generally. | Subject to the proposed limitation, Plaintiff will supplemental his response to Interrogatory No. 3 by April 30.  His | |

| | | |
|---|---|---|
| Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 4:** Identify whether You have been investigated by any state, local, federal, and/or law enforcement official(s) or regulatory or administrative bodies.

**Plaintiff's Response:** Plaintiff objects to interrogatory no. 4 because the time frame is overbroad, because the subject matter is overbroad, because it would be unduly burdensome for Plaintiff to inquire of every "state, local, federal and/or law enforcement official(s) or regulatory or administrative bod[y]" anywhere in the world to determine if an investigation occurred, and because "any" investigation is irrelevant to the claims at issue and not proportional to the needs of the case. *See, e.g., James Madison Project v. C.I.A.*, 2009 WL 2777961, at * 4 (E.D. Va. 2009) ("a request for 'all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion.' … Such a request 'unfairly places the onus of non- production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request.") (quoting *Mass. v. U.S. Dep't of Health & Human Servs*., 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *id. Big Voices Media, LLC. v. Wendler*, 2012 WL 6021443, at * 2 (M.D. Fla. 2012) (concluding that interrogatories that seek particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome in part because the party propounding the interrogatories can obtain the information by depositions or document requests); *High Point SARL v. Sprint Nextel Corp*., 2011 WL 4036424, at * 18 (D. Kan. 2011) ("This Court has found interrogatories that ask a party to identify 'each and every fact' or 'all facts' supporting its allegations to be overly broad and unduly burdensome."); *PIC Grp., Inc. v. Landcoast Insulation, Inc*., 2010 WL 4791710, at * 1-8 (S.D. Miss. 2010) (denying motion to compel response to interrogatory requesting responding party to identify each and every oral communication because it is unreasonably and unduly burdensome and the least efficient way to obtain such information); *Allianz Ins. Co. v. Surface Specialties, Inc*., 2005 WL 44534, at * 8 (D. Kan. 2005) ("Interrogatories should not require the answering party to provide a narrative account of its case."). Plaintiff further objects because the interrogatory seeks information not in Plaintiff's possession.

Subject to and without waiving the foregoing objections, Plaintiff restates and incorporates his answer to interrogatory no. 1a above.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's response to this Interrogatory -- restating and incorporating his (deficient) answer to interrogatory No. 1a, which addresses only certain SEC investigations, | Plaintiff will supplement his response to Interrogatory No. 4 by April 30.  His | |

| | | |
|---|---|---|
| is not in any way a complete response. Further, Plaintiff's objection that "it would be unduly burdensome to respond" is disingenuous and without merit. Clearly Defendant is not asking for information about which Plaintiff is not aware or was not given notice.  Defendant is entitled to a response based on information in Plaintiff's possession, custody or control.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 6:** Identify all lawsuits in which You have been involved, including as a named plaintiff or defendant; as an officer, director or employee of a company that was being sued or was suing; or as a witness or recipient of a subpoena, in the past ten (10) years.

**Plaintiff's Response:**  Plaintiff objects to interrogatory no. 6 because the time frame is overbroad and because the subject matter is overbroad, irrelevant and not proportional to the needs of the case. *See, e.g., James Madison Project v. C.I.A.*, 2009 WL 2777961, at * 4 (E.D. Va. 2009) ("a request for 'all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion.' … Such a request 'unfairly places the onus of non- production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request.") (quoting *Mass. v. U.S. Dep't of Health & Human Servs*., 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *id. Big Voices Media, LLC. v. Wendler*, 2012 WL 6021443, at * 2 (M.D. Fla. 2012) (concluding that interrogatories that seek particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome in part because the party propounding the interrogatories can obtain the information by depositions or document requests); *High Point SARL v. Sprint Nextel Corp*., 2011 WL 4036424, at * 18 (D. Kan. 2011) ("This Court has found interrogatories that ask a party to identify 'each and every fact' or 'all facts' supporting its allegations to be overly broad and unduly burdensome."); *PIC Grp., Inc. v. Landcoast Insulation, Inc*., 2010 WL 4791710, at * 1-8 (S.D. Miss. 2010) (denying motion to compel response to interrogatory requesting responding party to identify each and every oral communication because it is unreasonably and unduly burdensome and the least efficient way to obtain such information); *Allianz Ins. Co. v. Surface Specialties, Inc*., 2005 WL 44534, at * 8 (D. Kan. 2005) ("Interrogatories should not require the answering party to provide a narrative account of its case.").

Subject to and without waiving the foregoing objections, the lawsuits to which Plaintiff was and is named as a plaintiff or defendant are matters of public record.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| First, the fact that these matters may be public record is not a basis to avoid identifying them.  It is much easier for Plaintiff to identify these matters to which | Plaintiff will supplement his response to Interrogatory No. 6 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

| | | |
|---|---|---|
| he was a party than for Defendant to have to scour the internet or search court records.  Further, not all state court proceedings are easily accessible.<br><br>Additionally, Interrogatory No. 6 also requested the identity of all lawsuits in which Plaintiff was involved "as an officer, director or employee of a company that was being sued or was suing; or as a witness or recipient of a subpoena[.]"  Plaintiff's Response does not address these matters, which may not be a matter of public record.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | | |

**Interrogatory No. 9:** Identify all publications you have authored and all professional courses or seminars you have taught, in whole or in part, during the past ten (10) years.

**Plaintiff's Response:** Plaintiff objects to interrogatory no. 9 because the time frame is overbroad and the subject matter is overbroad, irrelevant and not proportional to the needs of the case. *See, e.g., James Madison Project v. C.I.A.*, 2009 WL 2777961, at * 4 (E.D. Va. 2009) ("a request for 'all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion.' … Such a request 'unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request.") (quoting *Mass. v. U.S. Dep't of Health & Human Servs*., 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *id. Big Voices Media, LLC. v. Wendler*, 2012 WL 6021443, at * 2 (M.D. Fla. 2012) (concluding that interrogatories that seek particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome in part because the party propounding the interrogatories can obtain the information by depositions or document requests); *High Point SARL v. Sprint Nextel Corp*., 2011 WL 4036424, at * 18 (D. Kan. 2011) ("This Court has found interrogatories that ask a party to identify 'each and every fact' or 'all facts' supporting its allegations to be overly broad and unduly burdensome."); *PIC Grp., Inc. v. Landcoast Insulation, Inc*., 2010 WL 4791710, at * 1-8 (S.D. Miss. 2010) (denying motion to compel response to interrogatory requesting responding party to identify each and every oral communication because it is unreasonably and unduly burdensome and the least efficient way to obtain such information); *Allianz Ins. Co. v. Surface Specialties, Inc*., 2005 WL 44534, at * 8 (D. Kan. 2005) ("Interrogatories should not require the answering party to provide a narrative account of its case.").

Subject to and without waiving the foregoing objections, Plaintiff's has authored articles in subscription based professional journal Law360 and served as a panelist in continuing legal education subscription seminars and conferences.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's vague response is insufficient. As with Plaintiff's response to Interrogatory No. 6, he has an obligation to list this information with specificity because it is in his possession, custody and control. | Plaintiff will supplement his response to Interrogatory No. 9 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

| Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | | |
| --- | --- | --- |

**Interrogatory No. 10:** Identify all damages You are seeking and state how those damages were caused by Defendants.  If You are claiming a loss or decrease of income, profit or any other business, compensation or benefit, identify specifically:

    a.    names and contact information for each client, Person and/or entity from which you expected such income, profit, business, compensation or benefit;

    b.    the exact amount of such loss or decrease, including the manner in which each loss or decrease was computed and the date of such loss or decrease; and

    c.    all facts which support such claims, expectations and amounts including but not limited to all facts supporting Your allegations in Paragraphs 21, 77-80 of the Complaint.

**Plaintiff's Response:** See Plaintiff's Rule 26(a)(1) disclosures. Plaintiff will supplement his answer to this interrogatory to identify his loss of income and diminished future earnings capacity claims, as this may be the subject of expert testimony.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's reference to his Rule 26(a)(1) disclosures is insufficient.  It is within Plaintiff's sole knowledge which clients' and entities' business he allegedly lost, and these persons are not identified in Plaintiff's initial disclosures.   Dow Jones is entitled to know the names of these persons so that it may appropriately prepare its defense.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will supplement his response to Interrogatory No. 10 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 11:** Identify the "innumerable third-parties who are necessary to Plaintiff's practice" who have "shun[ned] Plaintiff" and the "former clients, investment bankers, accountants, auditors, brokers, financial printers and others" who no longer return Your calls, as alleged in paragraph 7 of the Complaint.

**Plaintiff's Response:** Plaintiff has been shunned from association with colleagues and counterparties in which his career requires constant trust and confidence, open and consistent communications and professional regard, such as other attorneys, colleagues at his former law firm, investment bankers and brokerage firms, investors, auditors, accountants, regulators and other regular participants in the capital markets and securities offerings. The identity of such parties includes all lawyers, professionals, and employees of the law firm formerly known as Sichenzia Ross Ference Kesner, LLP, all clients and the board or directors and senior executives of clients of such firm with which Plaintiff was engaged, each and every accountant, auditor, investment banker, investor, transfer agent and financial printer associated with such clients, and the SEC, FINRA, NASDAQ and New York Stock Exchange. Plaintiff's personal bank accounts with Chase Bank and brokerage account with E*Trade Financial have been closed as a result of the accusations in the Barron's Article.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's response fails to identify these entities or individuals with more than the broadest of the generalities.  As stated above, Dow Jones is entitled to know the actual identity, by name, of the persons and businesses on which Plaintiff is basing his damages claim.  Plaintiff's vague response is patently insufficient and needs to be supplemented.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will supplement his response to Interrogatory No. 11 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 12:** Describe all personal injuries, conditions, and symptoms of ill being, including all emotional or psychological conditions, allegedly sustained as a result of the conduct alleged in the Complaint and the time of onset in relation to that conduct; for each, identify each doctor, healing arts practitioner or other institution or individual who treated or consulted with You in relation thereto; and list all diagnoses, prescriptions, treatments or medications received from or recommended by each practitioner, institution or individual.  State all facts and identify all documents which refer or relate to any claim that Defendants' conduct caused such harm.

**Plaintiff's Response:** See Plaintiff's Rule 26(a)(1) disclosures.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's reference to his Rule 26(a)(1) disclosures is again insufficient.  These disclosures describe Plaintiff's alleged damages only in the most vague and general terms.  Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will supplement his response to Interrogatory No. 12 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 13:** Identify all persons who have or claim to have knowledge of Your physical or emotional condition prior to, at the moment of, or subsequent to, the conduct alleged in the Complaint; knowledge of the injuries and damages allegedly following from that conduct; or knowledge of any other facts and circumstances surrounding the incidents referred to in the Complaint, or in Your answers to these Interrogatories.

**Plaintiff's Response:** The following persons are believed to have such knowledge:
- Plaintiff;
- Plaintiff's family members;
- Plaintiff's former law partners, associates and staff;
- Defendants;
- The SEC;
- The defendants named in the SEC Action.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's vague response is once again patently insufficient.  As stated above, Dow Jones is entitled to know the actual identity, by name, of the persons and businesses on which Plaintiff is basing his damages claim.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will supplement his response to Interrogatory No. 13 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 14:**  State all facts that support Your allegations that Defendants William Alpert and Teri Buhl are involved in a conspiracy.

**Plaintiff's Response:** Plaintiff objects because the interrogatory seeks information not in Plaintiff's possession.

     Subject to and without waiving the foregoing objection, the timing of the Barron's Article and the Buhl Blogs, the subject matter, known communications between Alpert and Buhl, all demonstrate concert of action to defame Plaintiff.

     Plaintiff will supplement his answer to this interrogatory as discovery continues.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's response is insufficiently vague.  Dow Jones is entitled to know what "communications between Alpert and Buhl" Plaintiff is relying on for his conspiracy claim.<br><br>This Interrogatory was not raised in Dow Jones Motion to Compel, but was raised in the parties' April 15 meet and confer, and in the interest of efficiencies is included here by agreement.<br><br>Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | Plaintiff will supplement his response to Interrogatory No. 14 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |

**Interrogatory No. 15:**  Identify the "short sellers" or other "benefactors" with or for whom Defendants Dow Jones and Alpert are allegedly working.

**Plaintiff's Response:** Plaintiff objects because the interrogatory seeks information not in Plaintiff's possession. Subject to and without waiving the foregoing objection, such facts are described in Plaintiff's amended complaint and well be the subject of additional discovery.

| Movant's (Dow Jones) Position: | Opponent's (Plaintiff) Position: | |
|---|---|---|
| Plaintiff's response fails to list with specificity the "short sellers" or "benefactors" for whom he alleges Dow Jones and Alpert are working. | Plaintiff will supplement his response to Interrogatory No. 14 by April 30.  His supplemental responses will be verified in accordance with the Rules. | |
| This Interrogatory was not raised in Dow Jones Motion to Compel, but was raised in the parties' April 15 meet and confer, and in the interest of efficiencies is included here by agreement. | | |
| Based on Plaintiff's representation, and provided Plaintiff's compliance, this issue is resolved. | | |