IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                        :
HARVEY J. KESNER                       :

     Plaintiff,                           :

v.                                       :        Case 1:20-cv-03454-PAE

DOW JONES & COMPANY, INC.      :        **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
     d/b/a BARRON'S *et al*          :

     Defendants                  :
---------------------------------------------------------------x

Plaintiff, Harvey J. Kesner ("Plaintiff"), by counsel, pursuant to Local Civil Rule 7.1(a) and § 3 of the Court's Individual Rules and Practices in Civil Matters, respectfully submits this Memorandum of Law in Support of his Motion to Dismiss the counterclaim [*ECF No. 127 ("Counterclaim")*] filed by Defendant, Teri Buhl.

The Court is familiar with the background and facts. [*See ECF No. 114*]. Defendant's counterclaim is based entirely upon statements contained in Plaintiff's amended complaint filed in this lawsuit. The Court should dismiss the counterclaim for the following reasons:

      1.      **The Absolute Litigation Privilege Bars The Counterclaim**

Statements made by Plaintiff in the course of this lawsuit are absolutely privileged as long as they are pertinent to the subject of the litigation. *See, e.g., Front v. Khalil*, 24 N.Y.3d 713, 4 N.Y.S.3d 581, 583 (2015). Commencing with the 1897 decision in *Youmans v. Smith*, 153 N.Y. 214, 47 N.E. 265 (1897), the New York Court of Appeals has held that "absolute immunity from liability for defamation exists for oral or written

statements made by attorneys in connection with a proceeding before a court 'when such words and writings are material and pertinent to the questions involved'. There we stated that to allow such statements to be a basis for a defamation action 'would be an impediment to justice, because it would hamper the search for truth and prevent making inquiries with that freedom and boldness which the welfare of society requires'". *Front*, 24 N.Y.3d at 718, 4 N.Y.S.3d at 582 (quoting *Youmans*, 153 N.Y. at 219-220, 47 N.E. at 265)). Nearly a century later in *Park Knoll Assoc. v. Schmidt*, 59 N.Y.2d 205, 464 N.Y.S.2d 424 (1983), the New York Court of Appeals held that relevant statements made in judicial proceedings are afforded absolute protection so that those discharging a public function may speak freely to zealously represent their clients without fear of reprisal or financial hazard. 59 N.Y.2d at 209, 464 N.Y.S.2d at 426.

The litigation privilege "is the broadest possible of privileges and any matter which … may be or may become material or pertinent is protected … even though such matter may be ineffectual as a defense." *Kelly v. Albarino*, 485 F.3d 664, 666 (2nd Cir. 2007); *Weinstock v. Sanders*, 144 A.D.3d 1019, 42 N.Y.S.3d 205, 207-208 (2nd Dept. 2016) (the privilege applies "at all stages" of litigation and the "test of pertinency ... is extremely liberal, so as to embrace anything that may possibly or plausibly be relevant or pertinent."). The privilege is absolute and attaches to statements made in the course of a judicial proceeding irrespective of a party's motive for making them and it is "not lost even in the presence of malice." *Bilinski v. Keith Haring Found., Inc.*, 96 F.Supp.3d 35, 48 (S.D.N.Y. 2016) (citation omitted), *aff'd in part*, 632 Fed.Appx. 637 (2nd Cir. 2015); *Wiener v. Weintraub*, 22 N.Y.2d 330, 331, 292 N.Y.S.2d 667 (1968).

Defendant Buhl's "anti-SLAPP" counterclaim is in truth a defamation claim. *See Deaton v. Napoli*, 2019 WL 4736722, at * 9 (E.D.N.Y. 2019) ("[I]t is well settled that a claim for tortious interference is duplicative of a defamation claim ... where the entire injury complained of by plaintiff flows from the effect on his reputation. Where defamatory statements harmed a plaintiff's reputation and he lost business contacts as a result, those claims are "in truth defamation claims.") (citations and quotation omitted). The entire basis of Defendant Buhl's counterclaim is statements made by Plaintiff in his amended complaint. [*Counterclaim*, ¶¶ *12, 13, 14, 15, 17*]. The counterclaim is barred by the absolute litigation privilege.

2. **The New York Anti-SLAPP Statute Does Not Apply**

Anti-SLAPP statutes, such as New York Civil Rights Law § 70-a, directly collide with the Federal Rules of Civil Procedure, and, therefore, do not apply in diversity cases. *See, e.g., La Liberte v. Reid*, 966 F.3d 79, 85 (2nd Cir. 2020) ("we first conclude that the special motion to strike in California's anti-SLAPP statute answers the same question as Federal Rules 12 and 56 … California's special motion requires the plaintiff to make a showing that the Federal Rules do not require"); *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) (Because the Texas anti-SLAPP statute's "burden-shifting framework imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court"); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1352 (11th Cir. 2018) ("Rules 8, 12 and 56 create an affirmative entitlement to avoid pretrial dismissal that would be nullified by the Georgia anti-SLAPP statute if it were applied in a federal court"); *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 673 (10th Cir. 2018) ("The proper course is to

recognize the New Mexico anti-SLAPP statute as a procedural mechanism for vindicating existing rights and nothing more. Accordingly, the decision of the district court denying application of the New Mexico anti-SLAPP statute in this federal diversity action is AFFIRMED"), *cert. denied sub nom. AmeriCulture, Inc. v. Los Lobos Renewable Power, LLC*, 139 S.Ct. 591, 202 (2018) (holding that the New Mexico anti-SLAPP statute "simply does not define the scope of any state substantive right or remedy … the statute is procedural in all its aspects"); *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1334-1337 (D.C. Cir. 2015) (a federal court sitting in diversity must apply Federal Rules of Civil Procedure 12 and 56 rather than D.C.'s Anti-SLAPP law) (Kavanagh, J.); *Makaeff v. Trump University, LLC*, 715 F.3d 254, 275 (9th Cir. 2013) (Kosinski. J., Concurring) ("Federal courts have no business applying exotic state procedural rules which, of necessity, disrupt the comprehensive scheme embodied in the Federal Rules, our jurisdictional statutes and Supreme Court interpretations thereof").

Like the anti-SLAPP statutes in California, Texas, New Mexico and the District of Columbia, New York's anti-SLAPP statute, § 70-a, manifestly conflicts with Federal Rules of Civil Procedure. The right to file a counterclaim for "damages" under § 70-a(1) requires, *inter alia*, an "adjudication" pursuant to § 3211(g) or § 3212(h) of the New York Civil Practice Law and Rules.[1] Section 70-a(1)(a) answers the same questions as Federal Rules 12 and 56. New York – like California – requires the plaintiff to make a showing that the Federal Rules do not require. Section 70-a(1)(a) automatically shifts

---

[1] Plainly, § 70-a(1) does not permit the recovery of damages upon an adjudication pursuant to Rule 12 or Rule 56 the Federal Rules of Civil Procedure. Therefore, attorney's fees and other damages under the New York anti-SLAPP statute are not available to the Defendant in this diversity case. *See Nunes v. Lizza*, 2020 WL 4507326, at * 10 (N.D. Iowa 2020) (citing *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1337 fn. 5 (D.C. Cir. 2015)).

burden to the plaintiff on a motion to dismiss to demonstrate that "the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law", and, similarly, imposes a different standard on a motion for summary judgment than the standard created under Rule 56.

### 3. Substantial Basis In Fact and Law

Even if New York's anti-SLAPP statute applied in this case – and it does not –, the Court has already ruled that Plaintiff commenced this action *with* a substantial basis in fact and law. The Court denied in part Defendant Buhl's motion to dismiss. *See, e.g., In re Elysium Health-Chromadex Litigation*, 2018 WL 4907590, at * 7 (S.D.N.Y. 2018) ("Because, as already stated in this opinion, Elysium's lawsuit passes muster under Rule 12(b)(6), it is not 'substantially without merit' and thus cannot be characterized as a SLAPP suit."). In *Friends of Rockland Shelter Animals, Inc. v. Mullen*, 313 F.Supp.2d 339, 3440345 (S.D.N.Y. 2004), the late Judge Conner held that, "even if [Plaintiff's] action is a SLAPP suit within the meaning of the statute, defendants are not entitled to damages. [Plaintiff's] suit was commenced under a cognizable legal theory and it presented facts that tended to show some of [defendant's] statements were misleading. [T]he arguments presented by the defendants in their twenty-five page Memorandum of Law convinced the court that their activities were protected … Although we found [Plaintiff's] argument unpersuasive, it is not frivolous." Because Plaintiff clearly commenced this action with a substantial basis in law, Defendant's anti-SLAPP counterclaim must be dismissed.

**4.      Conclusory Allegations**

Finally, *Twombly* and *Iqbal* requires more that conclusory statements. The counterclaim consists entirely of conclusory statements. In paragraph 13, for instance, Defendant Buhl fails to allege why the allegations in Plaintiff's amended complaint are "derogatory, false, [fabricated] and completely unfounded". The counterclaim baldly states that Plaintiff filed the amended complaint to "chill" Defendant Buhl's "First Amendment rights".[2] The counterclaim parrots the language of § 70-a, but offers no facts in support. [*See, e.g., Counterclaim, ¶¶ 27, 29, 31*]. For this reason, the counterclaim should be dismissed.

---

[2]      Defamation is not free speech and free speech is not absolute. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942) ("There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These included the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words – those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality."); *id. Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245-246 (2002) ("freedom of speech … does not embrace certain categories of speech, including defamation"); *Herbert v. Lando*, 441 U.S. 153, 171 (1979) ("[s]preading false information in and of itself carries no First Amendment credentials."); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349-350 (1974) (there is "no constitutional value in false statements of fact."); *see also Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 767 (1985) (White., J., Concurring) ("First Amendment values are not at all served by circulating false statements of fact about public officials. On the contrary, erroneous information frustrates these values. They are even more disserved when the statements falsely impugn the honesty of those men and women and hence lessen the confidence in government."). "Freedom of the press under the First Amendment does not include absolute license to destroy lives or careers." *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 170 (1967) (Warren, C.J., Concurring). The press does not have a "special privilege to invade the rights and liberties of others." *Branzburg v. Hayes*, 408 U.S. 665, 684 (1972).

## **CONCLUSION AND REQUEST FOR RELIEF**

For the reasons stated above, Plaintiff respectfully requests the Court to dismiss Defendant's counterclaim with prejudice and to award Plaintiff his attorney's fees and costs incurred in connection with this motion.

DATED:        March 29, 2021

                Respectfully Submitted,

                HARVEY J. KESNER

                By:   */s/ Steven S. Biss*
                        Steven S. Biss (VSB # 32972)
                        300 West Main Street, Suite 102
                        Charlottesville, Virginia 22903
                        Telephone:   (804) 501-8272
                        Facsimile:    (202) 318-4098
                        Email:        stevenbiss@earthlink.net
                        (*Admitted Pro Hac Vice*)

                        *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

<pre>
By:   /s/ Steven S. Biss
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:  (804) 501-8272
      Facsimile:  (202) 318-4098
      Email:      stevenbiss@earthlink.net
      (Admitted Pro Hac Vice)

      Counsel for the Plaintiff
</pre>