**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARVEY J. KESNER, | No. 20-cv-03454 (PAE) |
| *Plaintiff*, | |
| vs. | |
| DOW JONES & COMPANY, INC. d/b/a BARRON'S; WILLIAM "BILL" ALPERT; and TERI BUHL, | |
| *Defendants*. | |

---

**MEMORANDUM OF LAW IN OPPOSITION TO COUNTER-DEFENDANT HARVEY KESNER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT..................................................................... 1

II.  MS. BUHL PLEADED THE NECESSARY FACTS TO ESTABLISH
     A CLAIM PURSUANT TO CIVIL RIGHTS LAW § 70-A ........................................2

     A.  Ms. Buhl's Right to Recovery is Not Barred by the Litigation Privilege ...............2

     B.  Section 70-a is Substantive and Applies in Federal Court ........................................4

     C.  Kesner's SLAPP Action Does Not Have A Substantial Basis in Fact and Law ....8

     D.  The Counterclaim Sets Out A Plausible Claim for Recovery
         Under Section 70-A ..............................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*315 West 103 Enterprises LLC v. Robbins*,
   171 A.D.3d 466 (1st Dep't 2019). ........................................................................ 6

*Abbas v. Foreign Policy Group, LLC*,
   783 F.3d 1328 (D.C. Cir. 2015). .............................................................................7

*Adelson v. Harris*,
   774 F.3d 803 (2d Cir. 2014). .............................................................................. 7-8

*Allaire Corp. v. Okumus,*
   433 F.3d 248 (2d Cir. 2006). ................................................................................ 2, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009). ...............................................................................................2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007). ..............................................................................................2, 9

*Coleman v. Grand*,
   No. 18-cv-5663 (ENV) (RLM), 2021 WL 768167 (E.D.N.Y. Feb. 22, 2021). ........5, 9

*Cotton v. Slone*,
   4 F.3d 176 (2d Cir. 1993). .................................................................................... 8

*Egiazaryan v. Zalmayev*,
   No. 11-CV-2670 (PKC), 2011 WL 6097136 (S.D.N.Y. Dec. 7, 2011). ...................4-5

*Erie R. Co. v. Tompkins*,
   304 U.S. 64 (1938). ...............................................................................................5, 8

*Friends of Rockland Shelter Animals, Inc. v. Mullen*,
   313 F. Supp.2d 339 (S.D.N.Y. 2004). .................................................................. 10

*Gasperini v. Center for Humanities, Inc.*,
   518 US 415 (1996). ...............................................................................................5

*Gilman v. Spitzer*,
   902 F.Supp.2d 389 (S.D.N.Y. 2012), *aff'd*, 538 F. App'x 45 (2d Cir. 2013). ……....   3-4, 11

*Global Network Commc'ns, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006). .................................................................................. 2

*Halebian v. Berv*,
    644 F.3d 122 (2d. Cir. 2011). ................................................................. 2

*Hariri v. Amper*,
    51 A.D.3d 146 (1st Dep't 2008). .............................................................. 3

*Intl. Shoppes, Inc. v. At the Airport, LLC*,
    131 A.D.3d 926 (2d Dep't 2015). .............................................................8

*Klocke v. Watson*,
    936 F.3d 240 (5th Cir. 2019). ...................................................................7

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020). ......................................................................7

*Liberty Synergistics Inc., v. Microflo Ltd.*,
    718 F.3d 138 (2d Cir 2014). ..................................................................... 8

*Palin v. New York Times Co.*,
    No. 17-CV-4853 (JSR), 2020 WL 7711593 (S.D.N.Y. Dec. 29, 2020). ………….. 4-5, 9

*Woods Services Inc., v. Disability Advocates, Inc.*,
    342 F.Supp.3d 592 (E.D. Penn. 2018). .....................................................5

## Statutes and Rules

Fed. R. Civ. P. 9. .............................................................................................12

Fed. R. Civ. P. 12. .......................................................................................2, 7-10

Fed. R. Civ. P. 56. ............................................................................................7

N.Y. Civ. Rights Law § 70-a (McKinney). ........................................................... *passim*

N.Y. Civ Rights Law § 76-a (McKinney). ............................................................ *passim*

N.Y. C.P.L.R. 3211 (McKinney). ......................................................................6-7

N.Y. C.P.L.R. 3212 (McKinney). ........................................................................6

## Other Authorities

Sponsor Mem. of Sen. Hoylman, S.B. S52A (July 22, 2020), *available at*
https://www.nysenate.gov/legislation/bills/2019/s52. ......................................  4, 6

Counter-Plaintiff Teri Buhl, by and through her undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the motion to dismiss for failure to state a claim [Dkt. 128] filed by Counter-Defendant, Harvey J. Kesner.

## I.    PRELIMINARY STATEMENT

This Court has demonstrated its knowledge of the background facts relating to this action. [*See* Op. and Order at 2-12, Dkt. 114].  For reasons contained in her Answer and Counterclaim, [Dkt. 127], and as demonstrated elsewhere on the record, Ms. Buhl has filed an affirmative cause of action against Counter-Defendant Harvey J. Kesner pursuant to New York's recently amended anti-SLAPP law, Civil Rights Law §§ 70-a and 76-a.  These amendments are intended to provide the utmost protection for the free exercise of speech and the kind of reporting and publications at issue here.  Since early in this case, Ms. Buhl has maintained that Counter-Defendant's SLAPP suit against her was improper, lacked a substantial basis in fact and law, and was intended to bully, harass, and ultimately censor Ms. Buhl by burdening her with the cost of legal defense until she abandons her effective reporting of Mr. Kesner.  [*See* Def.'s Mem. Supp. at 1-2, Dkt. 105, Aug. 8, 2021].  In large part, this Court agreed with Ms. Buhl that the Counter-Defendant's allegations and claims were without a plausible basis in law, and therefore, dismissed all but three of Mr. Kesner's bases for defamation.  [Op. and Order at 52, Dkt. 114].

Once this Court can take account of the veracity of these remaining allegations, the result will be clear: Ms. Buhl is a victim of this improper, retaliatory action commenced and continued by Mr. Kesner, who intended to chill Ms. Buhl's freedom of speech guaranteed by the First Amendment to the United States Constitution.  New York now has significant remedies available to a victim of a SLAPP suit, including the right to maintain an affirmative right of action to recover damages, including costs and attorney fees, from the SLAPP plaintiff.

1

Counter-Defendant's arguments in support of his motion to dismiss are unpersuasive and unsupported by applicable law.  As explained below, Ms. Buhl's Counterclaim states a valid cause of action pursuant to Section 70-a.  This right to recovery applies in federal court because it is substantive, rather than procedural, and does not conflict with any existing federal rule or statute. For the following reasons, Counter-Defendant's motion to dismiss should be denied.

## II.   MS. BUHL PLEADED THE NECESSARY FACTS TO ESTABLISH A CLAIM PURSUANT TO CIVIL RIGHTS LAW § 70-A

At this preliminary stage, Ms. Buhl has established that each of the elements of her claim is "plausible" on its face and that she is not asserting "a largely groundless claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007). "Plausible" means that the plaintiff has alleged "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556 (finding that "plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [illegality]").

The purpose of Rule 12(b)(6) is to test the "formal sufficiency" of the claim for relief, "without resolving a contest regarding its substantive merits." *Halebian v. Berv*, 644 F.3d 122, 130 (2d. Cir. 2011) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).  In considering such a motion, well-pleaded allegations are taken as true, and the claim is viewed in the light most favorable to the claimant. *Allaire Corp. v. Okumus,* 433 F.3d 248, 249-50 (2d Cir. 2006).  Ms. Buhl's allegations meet this standard.

## A.  Ms. Buhl's Right to Recovery is Not Barred by the Litigation Privilege

Counter-Defendant argues that Ms. Buhl's Counterclaim is just a defamation claim by a different name and claims the "entire basis of Defendant Buhl's counterclaim is [sic] statements

made by Plaintiff in his amended complaint." [Counter-Def.'s Mem. Supp. at 2-3, Dkt. 128,

Mar. 29, 2021]. Counter-Defendant provides no support for this conclusory claim. Moreover,

this claim is patently untrue and has no basis in applicable law. Ms. Buhl has an affirmative

cause of action against the Counter-Defendant because the Amended Complaint is entirely based

upon Ms. Buhl's public participation on issues concerning the public interest. *See Hariri v.*

*Amper*, 51 A.D.3d 146 (1st Dep't 2008) (finding § 70-a "creates a new right of action for victims

of SLAAP suits").

For this argument, Counter-Defendant does not dispute that such a cause of action exists

but rather argues that the litigation privilege bars Ms. Buhl's right to recovery. [Counter-Def.'s

Mem. Supp. at 2-3, Dkt. 128]. While Plaintiff's Amended Complaint may indeed be defamatory

towards Ms. Buhl, Ms. Buhl's counterclaim is grounded on the Counter-Defendant's malicious

and improper purpose for bringing this action. [*See, e.g.*, Countercl. ¶ 15, Dkt. 127]. Since the

Counterclaim is not based on the defamatory Amended Complaint, but rather on a specific state

statute, Counter-Defendant's supposed argument that the litigation privilege somehow shields

him from liability for bringing this SLAPP suit fails.

Specially, the law in New York has long held that a defendant in an action "involving

public petition and participation" has a right to maintain an affirmative cause of action against

the plaintiff, and to recover damages, including attorney's fees, upon a proper demonstration that

the plaintiff "commenced and continued the action without a substantial basis in fact or law."

N.Y. Civ. Rights Law § 70-a (McKinney) (originally adopted 1992).[1] Prior to its amendment in

November 2020, New York's anti-SLAPP law narrowly defined the term "involving public

petition and participation" to include only cases brought by plaintiffs seeking public permits,

---

[1] *Available at* https://www.nysenate.gov/legislation/laws/CVR/70-A

zoning changes, or other entitlements from a government body.  *See Gilman v. Spitzer*, 902

F.Supp.2d 389, 397 (S.D.N.Y. 2012), *aff'd*, 538 F. App'x 45 (2d Cir. 2013).  The newly amended

anti-SLAPP law has expanded this term to include actions involving "any communication in a

place open to the public or a public forum in connection with an issue of public interest" or "any

other lawful conduct in furtherance of the exercise of the constitutional right of free speech in

connection with an issue of public interest . . .."  N.Y. Civ. Rights Law § 76-a(1)(a)(1)-(2)

(McKinney).[2]

  The purpose of the amendment to the New York anti-SLAPP law was remedial in nature

and was intended by the Legislature to "correct the narrow scope of New York's prior anti-

SLAPP law."  *Palin v. New York Times Co.*, No. 17-CV-4853 (JSR), 2020 WL 7711593, at *5

(S.D.N.Y. Dec. 29, 2020).  Specifically, "'[b]y revising the definition of an 'action involving

public petition and participation,' this amendment to Section 76-a will better advance the

purposes that the Legislature originally identified in enacting New York's anti-SLAPP law' --

namely, 'to provide the utmost protection for the free exercise or speech, petition, and

association rights, particularly where such rights are exercised in a public forum with respect to

issues of public concern.'"  *Id.* (quoting Sponsor Mem. of Sen. Hoylman, S.B. S52A (July 22,

2020), *available at* https://www.nysenate.gov/legislation/bills/2019/s52.)).

  When viewed in this light, Ms. Buhl's Counterclaim is properly brought and states a

proper cause of action.

## B.  Section 70-a is Substantive and Applies in Federal Court

  Counter-Defendant further argues that New York's anti-SLAPP law should not apply in

federal court.  This contention is without merit in this case because federal courts have been

---

[2] *Available at* https://www.nysenate.gov/legislation/laws/CVR/76-A.

applying Section 70-a counterclaims even before its recent amendment. *See, e.g.*, *Egiazaryan v. Zalmayev*, No. 11-CV-2670 (PKC), 2011 WL 6097136, at \*12 (S.D.N.Y. Dec. 7, 2011) (applying New York's pre-amendment anti-SLAPP law in diversity jurisdiction case); *Woods Services Inc., v. Disability Advocates, Inc.*, 342 F.Supp.3d 592, 609-10 (E.D. Penn. 2018) (applying pre-amended § 70-a counterclaim in diversity jurisdiction case).  In addition, the recent amendments to Section 70-a do not substantially change the court's *Erie* choice-of-law analysis and, in any case, the law provides an affirmative right of action that is both substantive and does not infringe upon any federal rule or statute.

It is well established that "federal courts sitting in diversity apply state substantive and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 US 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Federal courts sitting in New York have already found that the newly amended Section 76-a is substantive and applies in federal court because it "govern[s] the merits of libel claims and increase[s] defendant's speech protections." *See Coleman v. Grand*, No. 18-cv-5663 (ENV) (RLM), 2021 WL 768167, at \*7 (E.D.N.Y. Feb. 22, 2021) (holding § 76-a "'is '"<u>manifestly substantive</u>'" (<u>emphasis added</u>)); *Palin*, 2020 WL 7711593, at \*3-4 ("It is also undisputed . . . that a federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision.").  For the same reasons, the right of action created by Section 70-a is also substantive and does not infringe upon the Federal Rules of Civil Procedure or any other federal statute. *See id.*

Counter-Defendant argues that Section 70-a "requires*, inter alia,* an 'adjudication' pursuant to § 3211(g) or § 3212(h) of the New York Civil Practice Law and Rules.'" Mem. P. 4. A clear reading of Section 70-a, or its legislative purpose, shows that <u>no such requirement exists</u>. The specific provision of the law reads:

> (a) costs and attorney's fees shall be recovered upon a demonstration, <u>including</u> an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules, that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law

N.Y. Civ. Rights Law § 70-1(1)(a) (<u>emphasis added</u>).  Plainly, the provision does not require that a "demonstration" must be adjudicated pursuant to the CPLR, but rather, includes the state procedural rules as an additional legal avenue that would qualify for such demonstration.  This interpretation is supported by Senator Hoylman, who writes:

> Section 1 of the bill would amend section 70-a of the Civil Rights Laws to provide that costs and attorney's fees "shall be recovered upon demonstration that a SLAPP suit was commenced or continued without a substantial basis in fact or law and could not be supported by a substantial argument for the extension, modification or reversal of existing law."
>
> Sponsor Mem. of Sen. Hoylman, S.B. S52A (July 22, 2020), *available at* https://www.nysenate.gov/legislation/bills/2019/s52.

There is nothing in the statute or the legislative record that would limit an adjudication of Section 70-a only to New York procedural rules.  Moreover, the inclusion of the availability of recovery on state-based motions to dismiss and summary judgment under either CPLR 3211 or 3212, respectively, was likely in direct response to state court precedent which only allowed recovery under the statute if the victim of the SLAPP suit made an affirmative claim.  *See, e.g.*, *315 West 103 Enterprises LLC v. Robbins*, 171 A.D.3d 466, 467 (1st Dep't 2019) ("contrary to defendant's contention, [§ 70-a] . . . does not provide for such recovery by motion to dismiss").  Therefore, although it may be true that New York's anti-SLAPP law provides broader protection for victims in state court, an adjudication of Section 70-a can also be done fairly and proficiently in federal court and under federal rules of procedure.

Counter-Defendant further argues that "[s]ection 70-a(1)(a) automatically shifts the burden to the plaintiff on a motion to dismiss," [Counter-Def.'s Mem. Supp. at 2-3], however, the Counterclaim is not brought as a motion to dismiss pursuant to CPLR 3211(g).  Cases cited by the Counter-Defendant, all of which were interpreting anti-SLAPP statutes of different jurisdictions, are not applicable to New York's recently amended anti-SLAPP law.  Section 70-a is an affirmative right of action, so it is manifestly different than California's anti-SLAPP law which requires a "special motion to strike." *Cf. La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020) (finding California's anti-SLAPP law answers the same question as Federal Rules 12 and 56).  Moreover, Section 70-a does not impose additional requirements on the Counter-Defendant's claim at summary judgment which would require him to "make a showing that the Federal Rules do not require." *Id.*; *see also Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) (holding "the TCPA's burden-shifting framework imposes additional requirement beyond" those under federal rules); *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1333-34 (D.C. Cir. 2015) (holding "the D.C. Anti-SLAPP Act establishes the circumstances under which a court must dismiss plaintiff's claim" and therefore the anti-SLAPP law conflicts with Rules 12 and 56).  Contrary to Counter-Defendant's argument, Section 70-a simply creates a right to relief for a victim of a SLAPP suit, and in federal court, the burden is on the claimant to provide the requisite demonstration that would entitle her to relief, just like any other affirmative claim.

Therefore, since Section 70-a is a substantive law and there is not a conflicting federal right of action for SLAPP victims, this Court must apply New York's anti-SLAPP law in this case. *See Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (finding Nevada's anti-SLAPP immunity from civil liability and fee-shifting applicable in federal court since "[e]ach of these rules (1) would apply in state court had suit been filed there; (2) is substantive within the

meaning of *Erie,* since it is consequential enough that enforcement in federal proceedings will serve to discourage forum shopping and avoid inequity; and (3) does not squarely conflict with a valid federal rule." (citing *Liberty Synergistics Inc., v. Microflo Ltd.*, 718 F.3d 138, 153 (2d Cir 2014)); *Cotton v. Slone*, 4 F.3d 176, 180 (2d Cir. 1993) ("Attorney's fees mandated by state statute are available when a federal court sits in diversity."). Accordingly, Counter-Defendant's arguments on these procedural grounds are inapplicable.

## C.  Kesner's SLAPP Action Does Not Have A Substantial Basis in Fact and Law

Counter-Defendant argues his claim has already passed the substantial basis standard because this Court declined to dismiss certain parts of his defamation claim pursuant to Rule 12(b)(6) and concluding that "[b]ecause Plaintiff clearly commenced this action with <u>a substantial basis in law</u>, Defendant's anti-SLAPP counterclaim must be dismissed." [Counter-Def.'s Mem. Supp. at 5, (<u>emphasis added</u>)]. However, Section 70-a requires the Plaintiff to have a substantial basis for the action not only in law but also in fact. N.Y. Civ. Rights Law § 70-a(1)(a) ("costs and attorney's fees may be recovered upon a demonstration that the action involving public petition and participation was commenced or continued without a substantial basis in fact <u>and</u> law" (<u>emphasis added</u>)). Specifically, Section 70-a(1)(a) requires "not only that each element of the cause of action has a substantial basis in fact and law, but that there is also a substantial basis in fact and law supporting the allegation that the communication was made with actual malice." *Intl. Shoppes, Inc. v. At the Airport, LLC*, 131 A.D.3d 926, 931 (2d Dep't 2015) (Miller, J., dissenting).[3]  Thus, Counter-Defendant's argument fails to pass muster for two primary reasons.

---

[3] In particular, in its Opinion and Order, this Court found that "the Amended Complaint plausibly <u>pleads</u> that Buhl . . . acted with gross negligence—the standard applicable to defamation of non-public figures . . .." [Op. and Order at 38, Dkt. 114 (<u>emphasis added</u>)]. However, to ultimately recover for defamation, Plaintiff will have to prove, pursuant to Section

First, motions to dismiss only require a court to test the sufficiency of the pleadings as a matter of law, not the merits of the underlying claims. The standard for dismissal under Rule 12(b)(6) is preferential to the non-moving party and requires the court to decline dismissal if the complaint contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The alleged facts, however, are to be accepted as true and the court must draw all inferences in the non-moving party's favor. *Allaire Corp.*, 433 F.3d at 249-50. Thus, such preferential findings by a court do not test the veracity of the plaintiff's factual allegations and are not indicative that the action necessarily rises to the substantial basis standard.

Second, and in the same vein, this Court should take Ms. Buhl's allegations in the Counterclaim as true, including that the Amended Complaint was filed without a substantial basis and for the sole purpose of harassing the Defendant, or otherwise maliciously inhibiting her free exercise of speech. This Court has already dismissed eighteen of the twenty-one bases of Plaintiff's claim for defamation, including Plaintiff's four other tort-based claims. [Op. and Order at 52, Dkt. 114]. The fact that these dismissed claims were dismissed under a mere plausibility standard is separate but equal grounds for the validity of Ms. Buhl's counterclaim. Determination of the remaining statements at issue in this case on, for example, summary judgment, where the court can look at evidence outside of the pleadings, will provide sufficient grounds to demonstrate Plaintiff's entire action was without a substantial basis in fact or law.

---

76-a, by clear and convincing evidence that Ms. Buhl acted with "actual malice." *See Coleman*, 2021 WL 768167, at *9 (finding the "statements were 'lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest,'" thus, plaintiff "must show . . . actual malice"); *Palin*, 2020 WL 7711593.

Furthermore, the cases relied upon by the Counter-Defendant for his argument are not applicable for the fact that they were interpreting the pre-amended version of the anti-SLAPP law.  For example, in *Friends of Rockland Shelter Animals, Inc. v. Mullen*, 313 F. Supp.2d 339 (S.D.N.Y. 2004), the court was deciding a motion on the pleadings pursuant to Rule 12(c), and in declining to award costs and fees, found that the award of damages, under the pre-amended § 70-a, was in the court's discretion.  Following amendment, damages, including attorney's fees, are now mandatory under § 70-a.  N.Y. Civ. Rights Law § 70-a(1)(a) ("costs and attorney's fees shall be recovered").

**D.  The Counterclaim Sets Out A Plausible Claim for Recovery Under Section 70-A**

In his final argument, Counter-Defendant argues that the Counterclaim only has conclusory allegations.  [Counter-Def.'s Mem. Supp. at 6].  This one-paragraph argument, itself also conclusory, has no legal basis.  The Counterclaim already pleads that this Court has dismissed the great majority of Plaintiff's claims, finding that the great majority of Counter-Defendant's allegations of defamation to be without merit and thus without a substantial basis.  [Countercl. ¶ 19].  This is not a conclusory statement; this is a statement stemming from the established record in this case.  From early on, Ms. Buhl has argued that this action is a SLAPP suit, and only brought to "bully, harass, and ultimately censor Ms. Buhl by burdening her with the cost of legal defense until she abandons her effective reporting of Mr. Kesner," [Def. Mem. Law Supp. at 1-2, Dkt. 105, Aug. 3, 2020], and, hence, has sufficiently put Counter-Defendant on notice of the Counterclaim.  The Counterclaim merely sets out her claim for relief, and to recover damages, for Plaintiff's relentless pursuit of this frivolous action.  In sum, Counter-Defendant has wasted not only Ms. Buhl's time, money and resources, but also this Court's time and resources, in Counter-Defendant's largely futile attempt to persecute claims that have no basis in law or fact.

Despite Counter-Defendant's claims, the Counterclaim does, in fact, sufficiently plead the necessary elements to bring a counterclaim pursuant to Section 70-a. Section 70-a states in relevant part:

> A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action.

> N.Y. Civ. Rights Law § 70-a(1).

Before amendment, the necessary elements to maintain such a claim were: "1) there must be a public application or petition, 2) the public applicant or permittee of that application must file a lawsuit against a person [that] is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission, and 3) the lawsuit must be, at a minimum, substantially without merit." *Gilman*, 902 F.Supp.2d at 398 (internal quotations omitted).

Since amendment, no court has had an occasion to re-define the elements of the claim. However, it would follow based on a reading of the amendments that a claimant may need to allege that: (a) the claimant is a defendant to a SLAPP suit; and (b) the SLAPP suit is substantially without merit. Regarding the first element (a), a "SLAPP suit" would be any claim that is based upon: (i) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (ii) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition. N.Y. Civ. Rights Law § 76-a(1)(a)(1)-(2). Further, the claimant is entitled to compensatory and punitive damages upon an additional showing of the SLAPP plaintiff's improper motive, which can be alleged generally.

11

*Id.* § 70-a(1)(b)-(c); Fed. R. Civ. P. 9(b) (allegations of a person's "malice, intent, knowledge and other conditions of a person's mind may be alleged generally). Counter-Plaintiff has satisfied these pleading requirements.

First, Ms. Buhl has properly plead the first element because she is clearly a defendant to what is defined as a SLAPP suit under Section 76-a(1)(a). The Plaintiff's defamation claim is based upon Ms. Buhl's statements on teribuhl.com and her Twitter account, all of which constitute a communication in a place open to the public or a public forum" and are connected to issues of "public interest," or at minimum, qualify under the liberal standard of "lawful conduct in furtherance of the exercise of the constitutional right of free speech." *See* § 76-a(1)(a)(1)-(2); [Countercl. ¶¶ 23-26]. "'Public interest' shall be construed broadly, and shall mean any subject other than a purely private matter." § 76-a(1)(d).

Second, the Counterclaim also pleads that the basis for defamation in this action was the result of Ms. Buhl's reporting on the Plaintiff and his role in questionable securities and financial transactions since at least 2016. [Countercl. ¶ 24]. Counter-Defendant's actions, as reported in the Buhl Materials, and which are collaborated in depth in public filings in several pending state and federal actions, including descriptions of Plaintiff's actions as an unnamed attorney in the SEC's lawsuit against Barry Honig and the three unnamed corporate defendants.[4] To the extent that it is necessary for Ms. Buhl to show substantial basis, Ms. Buhl's pleading that that eighteen

---

[4] This Court has already recognized as uncontested that Kesner's actions were detailed in the SEC lawsuit. [Opinion and Order, Dkt. 114, at p.46, filed Jan. 26, 2021 ("But, tellingly, [Kesner] does not allege that the lawyer detailed in the SEC lawsuit is anyone other than himself. And the circumstantial conditions make that inference compelling. . .. Kesner does not dispute the truth of the statement in Buhl's article that he was the unnamed lawyer to whom the SEC's Complaint referred. . ..").

of the twenty-one allegations made by Counter-Defendant in the Amended Complaint have been dismissed satisfies this condition.

Third, Ms. Buhl has properly plead that Plaintiff's only intention for this suit was to harass, intimidate, punish or otherwise maliciously inhibit Ms. Buhl's free exercise of speech. [Countercl. ¶ 19]. The Counterclaim pleads that in response to Ms. Buhl's reporting, Counter-Defendant filed the Amended Complaint as a retaliatory attack against Ms. Buhl, while also alleging numerous false, fabricated, and defamatory allegations against Ms. Buhl. [*Id.* at ¶¶ 13-14]. In truth, as stated in the Counterclaim, Counter-Defendant's only intention for bringing this suit is to bring a stop to Ms. Buhl's truthful and accurate reporting. [*Id.* ¶¶ 6, 12-15, 17, 19, 31]. Ms. Buhl has satisfied the pleading standard and is entitled to relief.

## CONCLUSION

Based on the foregoing, Ms. Buhl respectfully requests the Motion to Dismiss be denied.

Dated: April 19, 2021
      New York, New York

Respectfully submitted,

Wesley J. Paul, Esq.
Paul Law Group, LLP
902 Broadway, 6th Floor
New York, NY 10010
Tel: (646) 278-9955
Fax: (646) 514-6829
wpaul@paullawgrp.com
*Attorney for Defendant Teri Buhl*

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 19, 2021, he caused the foregoing

Memorandum of Law in Opposition to Motion to Dismiss to be filed electronically via ECF

filing with the Southern District of New York, and a copy of which is serviced via the ECF filing

system to all registered counsel of record in this action.


Dated: April 19, 2021                          By: _____
      New York, New York                              Wesley J. Paul

14