UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARVEY J. KESNER,

                *Plaintiff*,

    -v-

TERI BUHL,

                *Defendant*.

No.: 20-cv-03454 (PAE)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

PAUL LAW GROUP, LLP

Wesley J. Paul, Esq.
Everest R. Schmidt, Esq.
902 Broadway, Floor 6
New York, New York 10010
(646) 278-9955
*Attorneys for Defendant Teri Buhl*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES …………………………………………………………ii

INTRODUCTION …………………………………………….................................. 1

ARGUMENT …………………………………………….........................................1

I.    BUHL'S 56.1 STATEMENT OF MATERIAL FACTS REMAINS
UNDISPUTED …………………..……..…………………………….... 1

II.   PLAINTIFF HAS NOT PROVIDED CLEAR AND CONVINCING
EVIDENCE OF ACTUAL MALICE BY BUHL ………………………….... 3

III.  PLAINTIFF HAS NOT SATISFIED HIS BURDEN SHOWING THAT THE
STATEMENTS ARE ANYTHING BUT PROTECTED OPINION ………….....9

IV.  PLAINTIFF'S CONCLUSORY EVIDENTIARY OBJECTIONS ARE
WITHOUT MERIT AND DO NOT DETAIL WHY DEFENDANT'S
EVIDENCE SHOULD BE EXCLUDED ……………………………………..11

CONCLUSION …………………………………………………………………..12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                 **Page(s)**

*A.B.C. Needlecraft Co. v. Dun & Bradstreet, Inc.*,
    245 F.2d 775 (2d Cir. 1957). ………………………………………………….............. 8

*Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.*,
    No. 14 Civ. 6512 (KPF) (S.D.N.Y. Sept. 16, 2016). ………………………………….. 12

*Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*,
    691 F. Supp. 2d 372 (S.D.N.Y. 2009). ………………………………......................... 11

*Biro v. Conde Nast*,
    807 F.3d 541 (2d. Cir. 2015). ……………………………………………............... 9

*Boyd v. Nationwide Mut. Ins. Co.*,
    208 F.3d 406 (2d Cir. 2000). ……………………………………………….............. 8

*Caldarola v. Calabrese*,
    298 F.3d 156 (2d Cir. 2002). ……………………………………………….............. 3

*Celle v. Filipino Reporter Enters., Inc.*,
    209 F.3d 163 (2d Cir. 2000). ………………………………………………............ 6, 10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986). ………………………………………………......................... 3

*Coleman v. Grand*,
    No. 18-cv-5663 (ENV) (RLM), 2021 WL 768167 (E.D.N.Y. Feb. 22, 2021). …….. 9-10

*Don King Productions, Inc. v. Walt Disney Co.*,
    40 So. 3d 40 (Fla. Dist. Ct. App. 2010). ………………………………………….... 6-7

*Emanuel v. Griffin*,
    No. 13-cv-1806 (JMF), 2015 WL 1379007 (S.D.N.Y. Mar. 25, 2015). …………...... 1

*Eramo v. Rolling Stone, LLC*,
    209 F.Supp.3d 862 (W.D. Va. 2016). …………………………………………….. 8

*ExpertConnect, LLC v. Fowler*,
    No. 18 Civ. 4828 (LGS), 2020 WL 3961004 (S.D.N.Y. July 10, 2020). …………... 4

*Halebian v. Berv*,
    869 F. Supp. 2d 420 (S.D.N.Y. 2012). ………………………………………….... 11-12

*Harte-Hanks Comm., Inc. v. Connaughton*,
    491 U.S. 657 (1989). …………………………………………………………………....7-8

*Hoffman v. Bailey*,
    257 F. Supp. 3d 801 (E.D. La. 2017). ……………………………………………..12

*Holtz v. Rockefeller & Co.*,
    258 F.3d 62, 73 (2d Cir. 2001). ……………………………………………….......2, 4

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
    542 F.3d 290 (2d Cir. 2008). ……………………………………………………... 2, 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986). ……………………………………………………………….. 3

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (D.C.C. 2018). ……………………………………………………… 9

*Palin v. N.Y. Times Co.*,
    482 F. Supp. 3d 208 (S.D.N.Y. 2020). …………………………………………….... 8

*Risco v. McHugh*,
    869 F. Supp. 2d 75 (S.D.N.Y. 2012). ………………………………………………….. 2, 10

*Salahuddin v. Goord*,
    467 F. 3d 263 (2d Cir. 2006). ……………………………………………………….. 4

*Sandoval v. Cty. of San Diego*,
    985 F.3d 657 (9th Cir. 2021). ……………………………………………………….. 11-12

*Senno v. Elmsford Union Free Sch. Dist.*,
    812 F.Supp.2d 454 (S.D.N.Y. 2011). …………………………………………….. 2

*St. Amant v. Thompson*,
    390 U.S. 727 (1968). ………………………………………………………………... 7

*Watson v. NY Doe 1*,
    439 F.Supp.3d 152 (S.D.N.Y. 2020). ……………………………………………. 4, 9

*Wein v. New York City Dep't of Ed.*,
    No. 18 Civ. 11141 (PAE) (S.D.N.Y. Aug. 19, 2020). ……………………………… 2

*Weinstock v. Columbia University*,
    224 F.3d 33 (2d. Cir. 2000). ……………………………………………………… 4

**Statutes**

N.Y. Civ. R. Law § 79(h). ……………………………………………………........... 5

**Rules**

Fed. R. Civ. P. 12. ……………………………………………………………….......9

Fed. R. Civ. P. 56. ………………………………………………………………....... 1, 3-4

L.R. 56.1. ……………………………………………………………………………... 1-3

# INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's July 19, 2021 Order (Dkt. 140), Defendant Teri Buhl ("Buhl"), by and through her undersigned counsel, respectfully submits this Reply Memorandum of Law in further support of her Motion for Summary Judgment (Dkt. 143) and in reply to Plaintiff's Memorandum in Opposition ("Pl. Mem. Opp.") (Dkt. 150).

# ARGUMENT

## I.   BUHL'S 56.1 STATEMENT OF MATERIAL FACTS REMAINS UNDISPUTED

Plaintiff has not introduced any admissible evidence on the record showing that "there is a genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Therefore, summary judgement is appropriate because there is no triable issue for a jury to decide.

As explained in detail in Buhl's Reply Statement of Material Facts ("Reply Statement"), Plaintiff has failed to submit a Rule 56.1(b) statement in conformity with Rule 56, Local Rule 56.1, or Your Honor's Individual Rules and Practices. For this reason alone, the Court, in its sole discretion, may simply disregard Plaintiff's entire 56.1(b) Response (Dkt. 150-1). *Emanuel v. Griffin*, No. 13-cv-1806 (JMF), 2015 WL 1379007, at *1 (S.D.N.Y. Mar. 25, 2015), *appeal dismissed* May 19, 2015 ("The Court has considerable discretion in fashioning a remedy to address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules, including striking the statement altogether and deeming admitted all facts in Defendants' Rule 56.1 statements.").

However, even taking Plaintiff's Response on its "substance," Plaintiff has not introduced a single piece of additional evidence (let alone admissible evidence) and has failed to cite to any other materials on the record, including documentary evidence, affidavits or

1

declarations, admissions, interrogatories, answers, or other materials, as required by Rule 56(c), to support his "additional facts" or to support his contention that Buhl's Rule 56.1 Statements are in dispute. This complete disregard for the evidentiary principles of Rule 56 and Rule 56.1 requires this Court to disregard Plaintiff's asserted contentions and consider Buhl's material facts admitted for purposes of this motion. *See, e.g.*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).[1]

Further, many of Kesner's "disputes" about otherwise undisputed facts are "supported" only by argument about the meaning of the facts, not admissible evidence to the contrary. [Reply Statement, at ¶¶ 18, 36, 38-40]; *see also Risco v. McHugh*, 869 F. Supp. 2d 75, 86 n.2 (S.D.N.Y. 2012) ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). Similarly, many of Plaintiff's "additional facts" include statements that merely re-frame or argue about the meaning of facts already introduced, and those that remain are not supported, and do not even cite, to admissible evidence. [*See id.*, Part II, at p. 36-64].

Defendant has sufficiently stated the bases for her motion for summary judgment. *See* Def. Mem. Law in Supp., Dkt. 144 (filed Aug. 9, 2021). Thus, as the non-moving party, Plaintiff

---

[1] *See also*, *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Wein v. New York City Dep't of Ed.*, No. 18 Civ. 11141 (PAE), at n. 1 (S.D.N.Y. Aug. 19, 2020) (Engelmayer, J.) ("When facts stated in a party's 56.1 statement are supported by testimonial, video, or documentary evidence and not denied by the other party, or denied by a party without citation to conflicting admissible evidence, the Court finds such facts to be true."); *Risco*, 869 F. Supp. 2d at 86 n.2 (where "there are no citations to admissible evidence, or the cited materials do not support the purported undisputed facts, those assertions must be disregarded." (citing *Holtz*, 258 F.3d at 74)); *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.Supp.2d 454, 458 n. 1 (S.D.N.Y. 2011) ("Responses of this nature, which do not point to any evidence in the record that may create a genuine issue of material fact, do not function as denials, and will be deemed admissions of the stated fact.").

2

is now required to come forward with specific facts showing that there is a "genuine dispute" of material facts for trial. Fed. R. Civ. P. 56(a); *see also Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Plaintiff has completely failed to meet this burden. This complete failure by the Plaintiff clearly supports the finding that Plaintiff "cannot produce admissible evidence to support" his "facts" or his claim. *See* Fed. R. Civ. P. 56(c)(1)(B); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) ("there is an absence of evidence to support the [Plaintiff's] case.").

In sum, none of Kesner's purported factual disputes are "genuine" and his "statements of additional material of fact" (which do not comply with Local Rule 56.1(b) and 56.1(d)), should not be allowed, and even if allowed, fundamentally do not preclude summary judgment for Buhl. For these reasons, and those in the Reply Statement, Buhl has established that there is "no genuine dispute as to any material fact" and summary judgment is warranted. *See* Fed. R. Civ. P. 56(a).

## II. PLAINTIFF HAS NOT PROVIDED CLEAR AND CONVINCING EVIDENCE OF ACTUAL MALICE BY BUHL

Plaintiff must provide clear and convincing evidence of Buhl's actual malice to sustain his defamation claim; a high evidentiary burden that Plaintiff did not mention once in his opposing memorandum. As noted above, Plaintiff has not introduced any additional evidence to satisfy his burden. Plaintiff argues that there are several bases to find Buhl's actual malice, however, Plaintiff fails to provide any such evidence to support that contention, because ultimately, no such evidence exists.

Plaintiff argues that Defendant "made up facts out of whole cloth and fabricated the claims against Kesner." Pl. Mem. Op., at p.12. Plaintiff provides no evidentiary basis for this

3

claim, with no citations to the record.[2]  Instead, he uses two full pages citing to inapplicable case law and without bothering with any analysis for how such case law applies to the facts in this case.  Many of these cases relate to orders on motions to dismiss and not summary judgment, *e.g., ExpertConnect, LLC v. Fowler*, No. 18 Civ. 4828 (LGS), 2020 WL 3961004 (S.D.N.Y. July 10, 2020); other cases are so disparate on the facts that they provide no support for Plaintiff, *see Watson v. NY Doe 1*, 439 F.Supp.3d 152, 165 (S.D.N.Y. 2020).  In *Watson*, the court was considering a motion to dismiss and found the plaintiff plausibly alleged actual malice because the defendant would seemingly have "firsthand knowledge of whether the plaintiff did or did not rape her." *Id.* at 164.  Buhl does not have "firsthand knowledge" of Kesner's activities.  Rather, as a journalist, she is an outside observer and simply reports facts as they come to light.[3]

       Plaintiff further argues that Buhl "knew from her conversations with Daniel Fisher" that Kesner had not engaged in any impropriety regarding his representation of BioZone and its investors.  Pl. Mem. Opp., at 14.  Plaintiff has not introduced any evidence of these "conversations" or what Fisher might or might not have told Buhl.  Plaintiff has not even submitted evidence showing that Fisher was one of Buhl's sources, and Buhl has not disclosed who her sources are because under New York law she is not required to do so in this matter.  *See*

---

[2] Plaintiff states that "there has never been any regulatory or action commenced against Kesner, no investigation of any sort and, to be sure, no allegations of any criminal conduct." Pl. Mem. Opp., at p. 12, n. 8.  However, the Plaintiff does not cite to any admissible evidence that such a fact is true.  *See Holtz*, 258 F. 3d at 74 ("Allowing a Local Rule 56.1 statement to substitute for the admissibility requirement set forth in Fed. R. Civ. P. 56(e) "would be tantamount to the tail wagging the dog.").  Plaintiff has not even filed an affidavit in compliance with Rule 56(c)(4), attesting to those facts. Nor does the Plaintiff cite to contrary evidence rebutting the fact that from recent filings in the SEC Action, it appears that the SEC is looking into emails between Kesner and Ladd.  [Def. 56.1 Statement, at ¶ 18; Def. Reply Statement, at ¶ 18.].

[3] Kesner attempts to allege Buhl's motive: "to destroy Kesner's reputation and to destroy the companies in which his clients invested."  Pl. Opp. Mem. at p 13, n. 9.  Prominently, Plaintiff cannot rely on allegations to create a material issue of fact.  *Salahuddin v. Goord*, 467 F. 3d 263, 273 (2d Cir. 2006); *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do not create a material issue of fact").  Further, the allegation is nonsensical because Kesner does not establish <u>why</u> Buhl is out to "destroy Kesner."  Without this evidence, Plaintiff's "alleged" motive is not a motive at all.

N.Y. Civ. Rights Law § 79(h). Plaintiff's only "cited" evidence is a stale declaration by Daniel Fisher from 2017, a year and a half before Buhl made the statements in dispute here. Plaintiff glosses over, or ignores entirely, the events that followed Fisher's statement. Most significantly, of which, is the filing of the SEC Action, which made significant allegations concerning Kesner's activities. Buhl's 56.1 Statement, at ¶¶ 11-15.

The fact that his name is not specifically mentioned does not make Buhl's statements "inherently improbable." *See* Pl. Mem. Opp., at p.14. Kesner's name may not be in the complaint, but even a cursory review of SEC public filings by BioZone, MabVax, or MGT Capital, explicitly shows that the "Issuer's Counsel Partner," as referenced by the SEC, is beyond doubt Harvey Kesner.[4] *See* Buhl 56.1 Statement ¶ 15; Paul Decl., at ¶ E; Dkt. 45-2. Ex. B. Similarly, Plaintiff's contention that Buhl must offer a "plausible explanation" for why the SEC "would sit back" is neither relevant nor evidence that Buhl's statement is inherently improbable. *See* Pl. Mem. Opp., at p.14. Buhl is not under any obligation to show why the SEC did not act sooner after receiving whistleblower complaints from Fisher and Lee Pederson. *See* Buhl Aff., Dkt. 145, at ¶¶ 14, 37. The SEC most likely has numerous reasons, which Buhl was not privy to, and which have no bearing on this motion for summary judgment.

Plaintiff also argues Buhl's choice of words evidences ill will. *See* Pl. Mem. Opp., at p..15. However, he has not provided any evidentiary or legal basis supporting that contention. Publishers and reporters have the freedom to choose to write stories how they choose. This is illustrated by a Florida case cited by the Plaintiff but provides inapposite support for his argument. Plaintiff uses *Don King Productions, Inc. v. Walt Disney Co.*, 40 So. 3d 40, 45 (Fla.

---

[4] The Court already found it telling that Kesner "does not allege that he is not the unnamed lawyer in the SEC complaint." Op. and Order., at 46, n. 11. Here, Plaintiff does not provide contrary evidence showing that "Issuer's Counsel Partner" is anyone but himself, and therefore, Buhl's 56.1 Statement ¶ 15 should be considered undisputed. [*See* Reply Statement, at ¶¶ 15, 15a].

5

Dist. Ct. App. 2010), to support the proposition that "Buhl intended to inflict harm upon him through knowing or reckless falsehoods." Pl. Mem. Opp., at p. 9. In *Don King Productions, Inc.*, the defendant, ESPN, produced a program on the plaintiff that only presented the negative aspects of the plaintiff's life, and was clearly intended to negatively impact the plaintiff and his career. 40 So. 3d at 44-45. The plaintiff presented emails, adduced from discovery, from the producers of that program which evidenced their ill will towards plaintiff and their intent to portray plaintiff as "evil," "greedy," and that he had engaged "in criminal activities." *Id.* at 44. Despite this clear evidence of ill will (which is not present here) the Florida court affirmed summary judgment for ESPN and noted that ESPN had "editorial discretion" to create "a particular theme for its program" and the defendant "was not required to present positive statements about [plaintiff] to balance any negative statements, or to search until it found someone who would defend [the plaintiff]." *Id.* at 45. The court also found that ESPN's reliance on two interviews for its story was reasonable, since the plaintiff failed to evidence that ESPN in fact doubted the interviewees' credibility or veracity. *Id.*

Likewise, Buhl is allowed editorial and journalistic discretion and the fact that she used certain words, instead of others, does not by itself evidence any ill will on Buhl's behalf. Plaintiff has no evidence demonstrating Buhl's intentions for writing the stories, and nothing on the record shows that she harbored "ill will and personal animosity" towards Kesner. *See c.f. Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 186 (2d Cir. 2000) (Unlike here, the *Celle* court found clear evidence that defendant was "imposing in-kind retribution" on plaintiff in response to plaintiff writing several misleading articles about defendant's daughter.).

Furthermore, Kesner does not rebut Defendant's foundational basis for believing her statements are true. *See* Def. Mem. Supp., at p.16. Plaintiff does not provide any evidence that

6

Buhl doubted the credibility or veracity of her confidential informants and sources. This lack of contrary evidence supports Defendant's position that her reliance on these sources was reasonable. *See Don King Productions, Inc.*, 40 So. 3d at 45.

Plaintiff next alleges that Buhl violated journalistic standards. Pl. Mem. Opp., at 15-16. Although he cites standards from Dow Jones and SPJ, Plaintiff does not provide any evidence that Buhl betrayed these standards or any others. *See id.* The only evidence on the record in this regard is Buhl's sworn affidavit, which she attests that she conducted extensive research and interviews for each of her articles. Buhl Aff., at ¶¶ 16-59. Plaintiff also disregards the well settled principle that even an "extreme departure" from professional standards does not evidence actual malice. *Harte-Hanks Comm., Inc. v. Connaughton*, 491 U.S. 657, 665 (1989); Def. Mem. Supp., at p. 11.

Plaintiff seems to think that Buhl "failed to investigate known and obvious facts," such as why the SEC or Biozone "never took any legal action against Kesner." Pl. Mem. Opp., at p.16. Not only is this claim illogical, but applicable case law makes clear that a failure to investigate is not determinative of actual malice. *See St. Amant v. Thompson*, 390 U.S. 727, 732-33 (1968) ("a finding of actual malice cannot be predicated merely on a charge that a reasonable publisher would have further investigated before publishing"). There may be a multitude of reasons why a regulatory agency would not bring action against Kesner. Perhaps it is the fact, as Plaintiff himself states, that "Kesner has assisted law enforcement as a federal whistleblower in their investigation of certain [BioZone] management members," (although he does not provide any citation to admissible evidence). Pl. 56.1(b) Response, at ¶ 18. Regardless, proving or investigating a negative or the absence of a fact is not only illogical, and sometimes impossible, but does not show evidence of actual malice. Plaintiff does not identify what known fact, if

7

investigated, would have caused Buhl to know her statements were false.[5] Plaintiff now bears the burden to show with clear and convincing evidence of Buhl's actual malice, but his assertion is conclusory and not supported by admissible evidence. Plaintiff also disregards that one of his clients, Mabvax, did take action against him and Buhl knew about this anticipated malpractice litigation in August 2018. Def. 56.1 Statement, at ¶ 24; Buhl Aff., at ¶ 46. Mabvax accused Kesner of, among other things, fraud and malpractice, which could be considered "illegal" under civil law and constitute violations of the New York Rules of Professional Conduct. *See id.*

Lastly, Plaintiff argues that Buhl "excessively republished her false statements." Pl. Mem. Opp., at p. 16. This is only relevant after the person becomes aware of the falsity and then continues to publish those statements. However, Plaintiff has not provided any evidence or citations to the record establishing the Buhl excessively published or that she knew her statements were false. Further, Buhl has not issued any kind of retraction and believes to this day that her reporting was truthful and accurate. Buhl Aff., at ¶¶ 30, 39, 55; *compare Palin v. N.Y. Times Co.*, 482 F. Supp. 3d 208, 222 (S.D.N.Y. 2020) (retraction could evidence actual malice). Plaintiff's unsupported argument is nothing but a conclusory allegation with no factual or legal support. In fact, Plaintiff has provided no evidence that the statements were actually false, which is his burden to bear. Plaintiff would need to first establish on the admissible evidence that the statements were false before he can establish that Buhl knew the statements were false. He has failed to do either.

---

[5] Plaintiff's reliance on *A.B.C. Needlecraft Co. v. Dun & Bradstreet, Inc.*, 245 F.2d 775, 777 (2d Cir. 1957), is misplaced. This case took place before *New York Times v. Sullivan*, and therefore does not actually discuss the actual malice standard. And subsequent case law makes clear that failure to investigate does not, without more, evidence actual malice. *Boyd v. Nationwide Mut. Ins. Co.*, 208 F.3d 406, 408 (2d Cir. 2000) (citing H*arte-Hanks Comm., Inc.*, 491 U.S. at 666-67). Plaintiff also cites to *Eramo v. Rolling Stone, LLC*, 209 F.Supp.3d 862, 872-73 (W.D. Va. 2016), however, Plaintiff's recitation of this non-binding case as standing for the unsupported proposition that Buhl "should have investigated further" provides no support for Plaintiff here since the citation speaks, again, to "evidence," which Plaintiff does not provide.

Further, Plaintiff does not rebut the well settled principle that falsity is not enough to strip a communication from constitutional protection. Plaintiff has not cited to any cases that stand for the proposition that a false defamatory fact can be so damning that publishing it necessarily evidences "actual malice." Rather, every case that speaks on the issue of actual malice requires clear and convincing evidence that the publisher knew it was false or had serious doubts as to its truth. *E.g.*, *Coleman v. Grand*, No. 18-cv-5663 (ENV) (RLM), 2021 WL 768167, at *9 (E.D.N.Y. Feb. 22, 2021). To be sure, there are some instances where the defendant has "firsthand knowledge" of whether the Plaintiff did or did not commit a crime, *e.g., Watson*, 439 F.Supp. 3d at 164, and therefore, actual malice can be found since proof of knowledge is easily demonstrated. The case at bar is nowhere similar to these cases. *See generally, Biro v. Conde Nast*, 807 F.3d 541, 545 (2d. Cir. 2015) ("whether actual malice can . . . be inferred will depend on the facts and circumstances of each case"). The fact remains that Buhl did not accuse Kesner of committing a "crime," which would require the accused conduct to be a clear violation of federal or state criminal law.

### III. PLAINTIFF HAS NOT SATISFIED HIS BURDEN SHOWING THAT THE STATEMENTS ARE ANYTHING BUT PROTECTED OPINION

Plaintiff relies almost exclusively on the Court's determination on the motion to dismiss to support his contention that the statements are factual and not opinion. His reliance is improper since a Rule 12(b)(6) motion to dismiss simply "tests the sufficiency of the pleadings" and does not reach the merits of claim. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (D.C.C. 2018). Further, the Court did not actually address Buhl's argument that the March 27 Tweet or the June 7 Article were protected opinion. Courts routinely decide this issue on summary judgment when the court can look at evidence outside the pleadings. *See Coleman*, 2021 WL 768167, at *4. Plaintiff bears the burden here, to show in the context in which the statement was

made, that the statement is not opinion. *See Celle*, 209 F.3d at 179. Plaintiff has failed to make a sufficiently clear showing.

Plaintiff disregards and does not attempt to differentiate Defendant's case law that New York courts routinely find that statements on social media platforms are generally regarded as opinion and not fact. Buhl's affirmative brief cites clear legal support that where a statement is published on Twitter, and the statement hyperlinks an article, that a reasonable reader would understand that the statement is one of opinion and not fact, because the statement is clearly based upon the hyperlinked article. Def. Mem. Supp., at p. 25-27.

Further, Plaintiff's "interpretation" of the emails that they "do not in any way confirm that Kesner aided DeFrancesco" is not supported by any admissible evidence and does not evidence actual malice. Actual malice is a subjective standard, and her interpretation of the emails is not so inherently improbable that it proves she knew her reporting was false, rather the opposite. The fact that she hyperlinks to the original reporting and uses the speculative phrase "could show" allows a reasonable reader to examine the emails for themselves and make up their own mind.

Nor does the Plaintiff actually dispute the truth and accuracy of those emails. [*See* Reply Statement, at ¶¶ 36, 33b]. Kesner's 56.1(b) Response does not cite to any admissible evidence to the contrary, and Kesner does not dispute in his Response that those emails accurately reflected his communications with the broker dealer because he does not specifically deny that he wrote them. [*Id.*]. Rather, his argument centers on what those emails mean, which does not create a material dispute of fact as to actual malice. *See Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts.").

## IV. PLAINTIFF'S CONCLUSORY EVIDENTIARY OBJECTIONS ARE WITHOUT MERIT AND DO NOT DETAIL WHY DEFENDANT'S EVIDENCE SHOULD BE EXCLUDED

Plaintiff offers various one-word conclusory objections to Defendant's submitted evidence.  *See* Pl. Mem. Opp., at p. 4, n. 4.[6]  However, blanket objections to the entirety of an opponent's evidentiary submission are plainly insufficient, and the court is not obliged to consider them.  *Halebian v. Berv*, 869 F. Supp. 2d 420, 443 n.24 (S.D.N.Y. 2012), *aff'd by summ. op.*, No. 12-3360-cv (2d Cir. Nov. 12, 2013) (denying evidentiary objections and noting "that the lack of conviction with which plaintiff makes this objection reflects the apparent absence of any dispute concerning the authenticity of documents in the record or any substantive challenge to the majority of relevant facts alleged in those documents.").  "The law is clear that 'blanket denials,' <u>wholesale evidentiary objections</u>, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact." *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 691 F. Supp. 2d 372, 383 (S.D.N.Y. 2009) (emphasis added); *Major League Baseball Props., Inc.*, 542 F.3d at 312-15 (rejecting plaintiff's hearsay, materiality, and "speculation" objections to defendant's 56.1 statement when unsupported); *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 665-666 (9th Cir. 2021) (holding that district court's decision to sustain "boilerplate one-word objections" amounted to an abuse of discretion).[7]

---

[6] Plaintiff's objection in footnote 11 is similarly conclusory and unsupported. Pl. Mem. Opp., at p. 17, n. 11. So are Plaintiff's objections to Defense counsel's declaration found in footnote 3 of his 56.1(b) Response. Pl. 56.1(b) Response, at ¶ 11, p.8, n. 3.

[7] The Ninth Circuit's opinion in *Sandoval* is instructive.  There, the Ninth Circuit explained that objections to relevancy are "unnecessary on summary judgment because they are '"duplicative of the summary judgment standard itself."'" 985 F.3d at 665.  Further, regarding hearsay objections, the *Sandoval* court noted "at the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Id.* at 666 (stating that if "the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document —the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment"). And for

11

Plaintiff gives no explanation for his objections, and thus, impermissibly imposes on Buhl the task of advancing all possible grounds for admission, while imposing on "the court the task of first recognizing and then weighing the merit of all of the contrary grounds for exclusion, none of which the objecting party has deigned to bring to its attention." *Halebian*, 869 F. Supp. 2d at 443, n.24; *see also Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.*, No. 14 Civ. 6512 (KPF) (S.D.N.Y. Sept. 16, 2016) (finding nonmovant "acted in bad faith" for "pepper[ing] their Rule 56.1 opposition and motion papers with various [cursory] evidentiary objections"); *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 824 (E.D. La. 2017) ("It is not the [c]ourt's responsibility to comb through the record to determine the basis for [the objecting party]'s cursory objections or to make arguments on [its] behalf."). For these reasons, Plaintiff's unsupported and conclusory objections should be denied by this Court. *Id.* (holding "plaintiff's counsel's unsupported objection in entirely conclusory fashion to the entire record is insufficient and thus denied.").

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to raise a genuine dispute of material fact, Plaintiff has failed to establish a necessary element for his claim of defamation, and therefore, Ms. Buhl is entitled to summary judgment as a matter of law.

---

foundation objections, the "objection to admission of evidence on foundational grounds must give the basis for [the] objection in a timely way to permit the possibility of cure." *Id.* at 666-67 (court finding "no basis for excluding evidence" when "defendants' one-word objections for 'foundation' fell well short of providing the [adverse party] with notice of the specific ground of objection and consequently, what could be done to cure any defects").

12

Dated: September 12, 2021
      New York, New York

Respectfully submitted,

*/s/ Wesley J. Paul*

Wesley J. Paul, Esq.
Everest R. Schmidt, Esq. (*pro hac vice*)

PAUL LAW GROUP, LLP
902 Broadway, 6th Floor
New York, NY 10010
Tel: (646) 278-9955
Fax: (646) 514-6829
wpaul@paullawgrp.com
eschmidt@paullawgrp.com
*Counsel for Defendant Teri Buhl*