UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY J. KESNER,<br><br>                              *Plaintiff*,<br><br>            -v-<br><br>TERI BUHL,<br><br>                              *Defendant*. | No.: 20-cv-03454 (PAE) |

## DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York, Defendant Teri Buhl ("Buhl"), by and through her undersigned counsel, respectfully submits this Reply Statement of Material Facts ("Reply Statement") in support of her Motion for Summary Judgment (Dkt. 143) and in response to Plaintiff's "Rule 56.1(b) Response to Defendant's Statement of Material Facts" ("56.1(b) Response") (Dkt. 150-1):

## PRELIMINARY OBJECTIONS

### A. Plaintiff's 56.1(b) Response Should be Stricken Because it Manifestly Fails to Conform to the Federal Rules of Civil Procedure, Local Rule 56.1, and Your Honor's Individual Rules and Practices

Plaintiff Harvey Kesner's ("Kesner") 56.1(b) Response suffers from several significant procedural and substantive defects that have required the Defendant to expend substantial, and unnecessary, time and resources to address below.  Because of Plaintiff's manifest failure to comply with the clear requirements for a 56.1 statement, the Court should strike significant portions of Kesner's 56.1(b) Response, if not the entire submission.  *See Emanuel v. Griffin*, No. 13-cv-1806 (JMF), 2015 WL 1379007, at *1 (S.D.N.Y. Mar. 25, 2015), *appeal dismissed* May

19, 2015 ("The Court has considerable discretion in fashioning a remedy to address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules, including striking the statement altogether and deeming admitted all facts in Defendants' Rule 56.1 statements.").

Despite citing Rule 3(H)(i) of the Court's Individual Practices, Plaintiff has incorrectly and improperly combined his response to Buhl's material facts contained in her 56.1 Statement (Dkt. 146) and his statements of additional material facts, in violation of Your Honor's specific rule.[1]  Further, the Plaintiff's response does not comply with Rule 56.1(b) because it does not "include a correspondingly numbered paragraph" and Plaintiff's "additional statements of material fact" are not "separate, short, and concise" as Local Rule 56.1 requires.

Plaintiff's failure to properly follow Rule 3(H)(i) and Local Rule 56.1 needlessly complicates this Reply Statement.  Buhl is forced to parse through Plaintiff's 56.1(b) Response and attempt to separate out portions that are deemed responsive to the original 56.1 Statement from those that could be deemed the Plaintiff's additional statements of material facts. Therefore, this Reply Statement has two parts.  Part I is Buhl's reply and objections to Plaintiff's responses to each of Defendant's numbered paragraphs of material facts.[2]  Part II contains Buhl's responses and objections to Plaintiff's "statements of additional material facts" which were apparently "included in bold immediately below each numbered paragraph of Kesner's response to Buhl's statement." *See* Pl. 56.1(b) Response, at p.1, n. 1.

The Court should take notice of Harvey Kesner's blatant disregard for Local Rule 56.1 and its well established principles. Being a standing member of the New York bar and admitted

---

[1] Rule 3(H)(i) ("If the opposing party wishes to file their own, additional statements of material fact, it shall begin numbering each entry where the moving party left off.").

[2] Plaintiff failed to "include a correspondingly numbered paragraph," as required by Local Rule 56.1(b) and (c), but apparently included his responses in brackets directly below Defendant's statement.

to this federal district, Plaintiff should understand that the "purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz*, 258 F.3d at 74; *Risco v. McHugh*, 869 F. Supp. 2d 75, 86 n.2 (S.D.N.Y. 2012) ("These rules-simple to understand and apply-are designed to assist the Court by narrowing the scope of the issues to be adjudicated and identifying the facts relevant and admissible to that determination."). Unfortunately, Plaintiff has failed to comply with these straightforward requirements to the detriment of both the Defendant and this Court.[3]

**B.  The Court Should Accept Buhl's Statements of Material Fact as True Because Plaintiff's Responses to Buhl's 56.1 Statement Fail to Cite Conflicting Admissible Evidence that Would Put Buhl's Material Facts in Dispute**

As noted, Plaintiff's 56.1(b) Response is fatally flawed because it completely disregards the basic requirement that "each statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."  L.R. 56.1(d); *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 691 F. Supp. 2d 372, 383 (S.D.N.Y. 2009) ("The law is clear that

---

[3] The Court would be entirely within its discretion to order Plaintiff to show cause why sanctions should not issue. Fed. R. Civ. P. 11(c)(3); see also *Arrowhead Capital Finance, Ltd. V. Seven Arts Entertainment, Inc.*, No. 14 Civ. 6512 (KPF) (S.D.N.Y. Sept. 16, 2016) (sanctioning attorney for raising cursory evidentiary and relevancy objections to paragraphs of opposing party's 56.1 statement).  First it is notable Plaintiff's counsel has not signed the 56.1 response. Only the Plaintiff. The clear deficiencies in the Response, signed by Kesner, an experienced attorney admitted to practice in this district, suggests that it may have been presented for an improper purpose, such as to harass or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1).  Defendant's overarching theory is that this case is a SLAPP suit, brought solely to harass and intimidate Ms. Buhl. *See* Answer and Counterclaim, Dkt. 127.  The fact that Plaintiff has not introduced any evidence for his claim or this Response, evidences the lack of a "substantial basis in fact and law" for bringing and continuing this action. *See* N.Y. Civ. Rights Law § 70-a.  The complete lack of citation to admissible evidence also supports other bases for Rule 11 sanctions, namely, that Plaintiff's "factual contentions [do not] have evidentiary support" and his "denials of factual contentions [are not] warranted on the evidence."  Fed. R. Civ. P. 11(b)(3)-(4).

'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment).

As shown below, with respect to Plaintiff's responses to Buhl's 56.1 Statement, the Plaintiff does not cite to **any** evidence, let alone admissible evidence under Rule 56(c), to support his contentions that various material facts are in dispute.  Therefore, this Court should find the supported facts in Buhl's 56.1 Statement to be true for purposes of this motion.  *See* L.R. 56.1(c); *Wein v. New York City Dep't of Ed.*, No. 18 Civ. 11141 (PAE), at n. 1 (S.D.N.Y. Aug. 19, 2020) (Engelmayer, J.) ("When facts stated in a party's 56.1 statement are supported by testimonial, video, or documentary evidence and not denied by the other party, or denied by a party without citation to conflicting admissible evidence, the Court finds such facts to be true."); *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.Supp.2d 454, 458 n. 1 (S.D.N.Y. 2011) ("Responses of this nature, which do not point to any evidence in the record that may create a genuine issue of material fact, do not function as denials, and will be deemed admissions of the stated fact.").

### C.  Plaintiff's Statements of Additional Material Fact do not Comply with Rule 56(c) and Local Rule 56.1(b) and (d) and Should be Stricken or Disregarded

Besides Plaintiff's manifest failure to comply with the Local Rules, Plaintiff's "statements of additional material fact" are also fatally flawed for at least several additional reasons and should be disregarded in their entirety.

First, the additional statements fail to comply with Rule 56(c) and Local Rule 56.1 because Plaintiff failed to properly cite to specific admissible evidence on the record to support his additional statements.  Fed. R. Civ. P. 56(c)(1)(A); L.R. 56.1(d); *Costello v. N.Y. State Nurses*

*Ass'n*, 783 F.Supp.2d 656, 661 n. 5 (S.D.N.Y. 2011) (disregarding plaintiff's responses to defendant's Rule 56.1 statement where plaintiff failed to refer to evidence in the record).  This complete failure by the Plaintiff clearly supports the conclusion that Plaintiff "cannot produce admissible evidence to support the fact."  *See* Fed. R. Civ. P. 56(c)(1)(B).  Where, as here, "there are no citations to admissible evidence, or the cited materials do not support the purported undisputed facts, those assertions must be disregarded." *Risco*, 868 F. Supp. at 86 n.2 (citing *Holtz*, 258 F.3d at 74); *Attenborough*, 691 F. Supp. 2d at 383.

Notably, some of the Plaintiff's "facts" are only supported by citations to conclusory allegations contained in the Amended Complaint (Dkt. 36).  "[T]he nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment."  *Salahuddin v. Goord*, 467 F. 3d 263, 273 (2d Cir. 2006); *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do not create a material issue of fact"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (stating that the party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial'" (quoting Fed. R. Civ. P. 56(e)).

Second, the additional statements are replete with inappropriate legal arguments and other irrelevant, immaterial, inflammatory, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."); *Major League Baseball Properties,*

5

Inc, 542 F.3d at 310 ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation.").

Third, pursuant to Fed. R. Civ. R. 56(c), the Defendant objects that many of the "additional facts" in Kesner's 56.1(b) Response are inadmissible or not material. Notwithstanding issues relating to inadmissibility, even accepting Plaintiff's purported "additional facts" would not preclude summary judgment in favor of Buhl because they are not material to the resolution of the summary judgment motion.[4]

Fourth, as the Second Circuit has observed, Local Rules 56.1(b) and 56.1(d) require the party opposing summary judgment to "file a short and concise statement of the material facts <u>in dispute</u> accompanied by citation to evidence which would be admissible. . . . Local Rule 56.1 is designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts. While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out." *Monahan v. N .Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000) (internal quotations and citations omitted)(emphasis added).[5]  Plaintiff's additional statements of fact are neither short nor concise, and he does not identify which of the "additional

---

[4] The Defendant makes a good faith effort to determine and address Plaintiff's "additional facts" but does not address herein every instance in which Plaintiff relies on immaterial, irrelevant, inflammatory and/or inadmissible evidence, and do not attempt to correct every factual inaccuracy or mischaracterization. Instead, we have primarily addressed those assertions in Plaintiff's 56.1(b) Response that reflect a particularly egregious mischaracterization of the record.

[5] This Court, with its limited time and resources, should not be burdened to search the record for genuine disputes of material fact when it is Plaintiff's burden to bear.  *See Risco*, 869 F. Supp. 2d at 86 n.2 (S.D.N.Y. 2012).

facts" (if any) are disputed or undisputed, or how (if at all) those "additional facts" make summary judgment inappropriate.

In summary, Plaintiff has failed to submit a Rule 56.1 statement in conformity with Rule 56, Local Rule 56.1, or Your Honor's Individual Rules and Practices. **Plaintiff has not introduced a single piece of evidence** and has failed to cite to any other materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as required by Rule 56(c)(1)(A), to support his "additional facts" or to support his contention that Buhl's Rule 56.1 Statements are in dispute. Plaintiff includes improper argument and other conclusory and irrelevant assertions which are not proper on a Rule 56.1 statement. Additionally, Plaintiff's "statements of additional material fact" (which do not comply with Local Rule 56.1(b) and (d)), fundamentally do not preclude summary judgment for Defendant Buhl. Therefore, the Court should strike or disregard Plaintiff's additional statements of "fact" and consider Buhl's properly supported material facts as undisputed for purposes of the motion.

\*          \*          \*

## PART I

### REPLY AND OBJECTIONS TO PLAINTIFF'S RESPONSES TO BUHL'S 56.1 STATEMENT

*For the Court's convenience, Defendant Buhl has reproduced below each numbered paragraph of the Buhl's Local Rule 56.1 Statement, as well as Plaintiff's responses thereto, and have set forth Buhl's replies beneath them in bolded text. Where Plaintiff does not dispute the facts in the Buhl's 56.1 Statement, we indicate "N/A" in the reply.*

#### Parties

1.  Kesner is an attorney and a member of the State Bar of New York. Am. Compl. ¶ 37.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply: N/A.**

2.  Kesner's legal practice focused on securities law and other financial matters.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply:  N/A.**

3   Kesner left the law firm Sichenzia Ross Ference Kesner LLP, in 2018.  Am. Compl. ¶ 37.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply:  N/A.**

4.  Buhl is an investigative journalist who focuses her reporting in the financial and securities industry. Affidavit of Teri Buhl ("Buhl Aff."), at ¶¶ 1-7.

    **Plaintiff's Response:** [Disputed].

    **Defendant's Reply: Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or**

other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the motion.  *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763 (RMB) (JCF), 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").

5.  Buhl is the owner and sole reporter of the news site: "Teri Buhl Smashmouth Investigative Journalism," available at www.teribuhl.com. Buhl Aff., at ¶ 7.

   **Plaintiff's Response:** [Admitted].

   **Defendant's Reply:  N/A.**

6.  At all relevant times, Buhl is the sole user of the twitter handle @buhlreports. Buhl Aff., at ¶ 8.

   **Plaintiff's Response:** [Admitted].

   **Defendant's Reply:  N/A.**

7.  Buhl also works as a contributing reporter for *Cannabis Law Report*, a publication based in Australia and owned by Sean Hocking. Buhl Aff., at ¶ 3.

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

8. On May 31, 2019, Kesner filed this lawsuit in the District Court for the Southern District of Florida. *See* Dkt. 1.

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

9. On September 16, 2019, Kesner filed an Amended Complaint ("Amended Complaint"). *See* Dkt. 36.

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

10. On May 1, 2020, Judge Rodney Smith of the Southern District of Florida ordered Kesner's action transferred to the Southern District of New York. *See* Dkt. 76.

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

### Certain Relevant Lawsuits

**SEC v. Honig Lawsuit**

11. On September 7, 2018, the Securities and Exchange Commission filed a civil complaint against Barry Honig ("Honig"), and certain of his alleged associates, in the District Court for the Southern District of New York alleging numerous violations of securities laws related to three public companies ("SEC Action").  Buhl Aff., at ¶ 16, Ex. D.

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

12. These three public companies are Biozone Pharmaceuticals, Inc. (referred to as Company A in the SEC complaint) ("Biozone"); MabVax Therapeutics (referred to as Company B in the

SEC complaint) ("MabVax"); and MGT Capital (referred to as Company C in the SEC

Complaint) ("MGT Capital"). Paul Decl., at ¶ 8, Ex. D.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply:  N/A.**

13. On March 8, 2019, the SEC filed its First Amended Complaint ("SEC Am. Compl.").  Buhl

Aff., at ¶ 17, Ex. E.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply:  N/A.**

14. The SEC Am. Compl. makes allegations concerning "Issuer's Counsel."  Issuer's Counsel

was the law firm Sichenzia Ross Ference Kesner LLP.  Paul Decl., at ¶ 9, Ex. E.

    **Plaintiff's Response:** [Disputed].

    **Defendant's Reply:  Buhl objects pursuant to Rule 56(c) and Local Civil Rule**

    **56.1(d), because Plaintiff has failed to cite to any materials on the record, including**

    **documentary evidence, affidavits or declarations, admissions, interrogatories,**

    **answers, or other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to**

    **Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the**

    **motion.  *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the**

    **word "disputed" but do not demonstrate that the dispute is genuine cannot defeat**

    **summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where**

    **the cited materials do not support the factual assertions in the Statements, the Court**

    **is free to disregard the assertion" (internal quotation marks omitted));**

    ***Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,'**

    **wholesale evidentiary objections, and counterstatements unsupported by any**

citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").

15. The SEC Am. Compl. makes allegations concerning "Issuer's Counsel Partner."  Issuer's Counsel Partner is Kesner.  Buhl Aff., at ¶ 17.

**Plaintiff's Response:** [Disputed].

**Defendant's Reply:  Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the motion.  *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").**

16. On July 10, 2019, Honig settled with the SEC. As part of his settlement agreement with the SEC, Honig is prohibited from denying in future motions that he did not violate the securities laws that he was charged with violating.

https://www.sec.gov/litigation/litreleases/2019/lr24529.htm; SEC Am. Compl, Dkt. 142.

**Plaintiff's Response:** [Objection – relevance].

**Defendant's Reply: Plaintiff does not dispute the factual statement and does not cite to any evidence showing that the factual statement is in dispute, as required by Local Rule 56.1(d). Instead, Plaintiff merely asserts that the information is not relevant. The factual statement is therefore deemed admitted. *See Major League Baseball Properties, Inc.*, 542 F. at 314 ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue," and such objections are "clearly insufficient to show a genuine issue to be tried as to the matters described in the documents."); *Geoghan v. Long Island R.R.*, 2009 WL 982451, at \*5-6 (E.D.N.Y. Apr. 9, 2009) ("Since plaintiff's response does not dispute the accuracy of the assertion, the assertion is deemed to be admitted by plaintiff for purposes of this motion.").**

**Further, Plaintiff's assertion that the information is not relevant is without basis. Kesner was Honig's securities counsel. Declaration of Wesley Paul, Dkt. 147, at ¶¶ 8-13, Ex. D-I (filed August 9, 2021); Affidavit of Natalie J. Spears, Dkt. 45, Ex. A-F (filed Sept. 30, 2019). The SEC brought action against Honig for securities violations. SEC Am. Compl., Buhl Aff., at ¶¶ 16, 17, Ex. D-E. Kesner admits the SEC Action is a material fact. *See supra*, at ¶ 11. The fact Honig eventually settled and as part of that settlement Honig is prohibited from claiming that he did not**

**violate the securities laws alleged by the SEC, then these facts are relevant on the issue of whether Buhl acted with actual malice in reporting on Kesner because Kesner was assisting Honig with these very transactions.**

17. On March 27, 2019, Elliot Maza settled with the SEC.

https://www.sec.gov/litigation/litreleases/2019/lr24529.htm

**Plaintiff's Response:** [Objection – relevance].

**Defendant's Reply:  Plaintiff does not dispute the factual statement and does not cite to any evidence showing that the factual statement is in dispute, as required by Local Rule 56.1(d).  Instead, Plaintiff merely asserts that the information is not relevant. The factual statement is therefore deemed admitted. *See Major League Baseball Properties, Inc.*, 542 F.3d at 314 ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue," and such objections are "clearly insufficient to show a genuine issue to be tried as to the matters described in the documents."); *Geoghan*, 2009 WL 982451, at \*5-6 ("Since plaintiff's response does not dispute the accuracy of the assertion, the assertion is deemed to be admitted by plaintiff for purposes of this motion.").**

**Further, Plaintiff's assertion that the information is not relevant is without basis.  Defendant's fact is relevant since it was incorporated and formed one of the bases for Defendant's reporting in the March 26 Article, see *infra* ¶ 29.**

18. Briefing from the SEC Action contain statements from third parties of such parties' belief that the SEC is investigating Kesner's activities.  Paul Decl., at ¶¶ 6-7, Ex. C.

**Plaintiff's Response:** [Objection – Rule 56(c)(2) and FRE 402 (Relevance); 602 (Lack of Knowledge); 802 (Hearsay); and 902 (Authenticity). Statement 18 is hearsay upon

hearsay. Counsel for Buhl fails to cite any actual statement of any person with first-hand knowledge that would lead anyone to conclude that the SEC is or was investigating Kesner's activities in any manner, nor what those activities were, nor what the SEC investigation consisted of, or on what "information and belief" the investigation was based, or whether that information and belief is reasonable. For example, while Buhl has cited Daniel Fisher, the CEO of Biozone, for her "knowledge" of many claims, Mr. Fisher vehemently denies having provided Buhl such information and has provided Kesner with sworn statement which has been filed in this action. The fact is that Kesner is not being investigated by the SEC, and Buhl knew that back in 2017. In fact, unknown to Buhl, Kesner has assisted law enforcement as a federal whistleblower in their investigations of certain management members.

**Defendant's Reply:  Plaintiff does not dispute the factual statement and does not cite to any evidence showing that the factual statement is in dispute, as required by Local Rule 56.1(d).  Instead, Plaintiff merely asserts that the information is not relevant or admissible. The factual statement is therefore deemed admitted. *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue," and such objections are "clearly insufficient to show a genuine issue to be tried as to the matters described in the documents."); *Geoghan v. Long Island R.R.*, 2009 WL 982451, at \*5-6 (E.D.N.Y. Apr. 9, 2009) ("Since plaintiff's response does not dispute the accuracy of the assertion, the assertion is deemed to be admitted by plaintiff for purposes of this motion.").  Additionally, Defendant's fact goes to what was stated in a publicly filed**

document and not for the underlying truth of the matter asserted, and therefore is not hearsay. Nonetheless, even if Plaintiff's assertion that the information is not relevant or admissible were correct, and it is not, summary judgment for Buhl would still be appropriate even if this information were not considered.

In addition, Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).

Also, the additional statements are replete with inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at \*3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record. They should not contain conclusions …*' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional

statements and accept Defendant's fact as admitted.  *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

Lastly, Plaintiff's boilerplate one-word objections are plainly insufficient, and the court is not obliged to consider them. *Halebian v. Berv*, 869 F. Supp. 2d 420, 443 n.24 (S.D.N.Y. 2012), *aff'd by summ. op.*, No. 12-3360-cv (2d Cir. Nov. 12, 2013) (noting "that the lack of conviction with which plaintiff makes this objection reflects the apparent absence of any dispute concerning the authenticity of documents in the record or any substantive challenge to the majority of relevant facts alleged in those documents."); *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 665-666 (9th Cir. 2021) (holding that district court's decision to sustain "boilerplate one-word objections" amounted to an abuse of discretion).

In *Sandoval*, the Ninth Circuit explained that objections to relevancy are "unnecessary on summary judgment because they are "'duplicative of the summary judgment standard itself.'" 985 F.3d at 665.  Kesner made this issue relevant by stating that he has not been named or investigated. Kesner also made this an issue by claiming that the SEC has reviewed over 1.2 million records without naming Kesner.

Further, regarding hearsay objections, the *Sandoval* court noted "at the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Id.* at 666 (stating that if "the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document —the mere fact that the document itself might be excludable hearsay provides no basis for

refusing to consider it on summary judgment").  Defendant's stated material fact is not presented for the truth of the statements in the cited document, but for the purpose of asserting that Buhl did not act with actual malice, in this regard this evidence is highly relevant and not hearsay.

And for foundation objections, the "objection to admission of evidence on foundational grounds must give the basis for [the] objection in a timely way to permit the possibility of cure." *Id.* at 666-67 (court finding "no basis for excluding evidence" when "defendants' one-word objections for 'foundation' fell well short of providing the [adverse party] with notice of the specific ground of objection and consequently, what could be done to cure any defects").

Plaintiff does not object with the specify required to allow Defendant to mount an effective reply or response.  Plaintiff gives no explanation for his objections, and thus, impermissibly imposes on Buhl the task of advancing all possible grounds for admission, while imposing on "the court the task of first recognizing and then weighing the merit of all of the contrary grounds for exclusion, none of which the objecting party has deigned to bring to its attention." *Halebian*, 869 F. Supp. 2d at 443, n.24; *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 824 (E.D. La. 2017) ("It is not the [c]ourt's responsibility to comb through the record to determine the basis for [the objecting party]'s cursory objections or to make arguments on [its] behalf.").  For these reasons, Plaintiff's unsupported and conclusory objections should be denied by this Court.

**Fisher v. BioZone Pharmaceuticals Lawsuit**

19. On July 16, 2012, Daniel Fisher ("Fisher") filed a lawsuit against Biozone Pharmaceuticals,

Inc., Michael Brauser, Brauser Honig Frost Group, Elliot Maza, Barry Honig, and The Frost Group LLC. ("*Fisher v. Biozone*").  *Fisher v. Biozone Pharms., Inc.*, No. 12-CV-03716-LB, 2017 WL 1097198 (N.D. Cal. Mar. 23, 2017).

> **Plaintiff's Response:** [Admitted].

> **Defendant's Reply:  N/A.**

20. *Fisher v. Biozone* case was initially settled between the parties with an entry of Final Judgment on September 24, 2013. *Fisher v. Biozone Pharms., Inc.*, No. 12-CV-03716-LB, 2017 WL 1097198 (N.D. Cal. Mar. 23, 2017).

> **Plaintiff's Response:** [Admitted].

> **Defendant's Reply:  N/A.**

21. The *Fisher v. Biozone* action was reopened by Michael Brauser and Barry Honig on December 16, 2016 in an attempt to enforce the earlier settlement agreement against Fisher. *Fisher v. Biozone Pharms., Inc.*, No. 12-CV-03716-LB, 2017 WL 1097198 (N.D. Cal. Mar. 23, 2017).

> **Plaintiff's Response:** [Admitted].

> **Defendant's Reply:  N/A.**

22. Kesner represented Brauser and Honig in their attempt to enforce the earlier settlement agreement. *Fisher v. Biozone Pharms., Inc.*, No. 12-CV-03716-LB, 2017 WL 1097198 (N.D. Cal. Mar. 23, 2017).

> **Plaintiff's Response:** [Admitted].

> **Defendant's Reply:  N/A.**

23. Fisher signed a sworn statement dated August 11, 2017. Buhl Aff., at ¶ 14, Ex. C.

> **Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**


### Mabvax v. Kesner Sichenzia Ross Ference LLP Malpractice Lawsuit

24. On September 10, 2018, MabVax Therapeutics Holdings, Inc. filed a civil complaint against Kesner and Kesner's firm, Sichenzia Ross Ference, LLP in the Superior Court of California, County of San Diego (the "Malpractice Action").  The Malpractice Action was removed to the Federal District Court for the Southern District of California on October 30, 2018.  *See MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP*, No. 18-cv-02494 (WQH) (DEB), Dkt. 1 (filed Oct. 30, 2018).

   **Plaintiff's Response:** [Admitted].

   **Defendant's Reply:  N/A.**


25. On September 22, 2020, the Malpractice Action was settled between the parties and voluntarily dismissed with prejudice. *Id.*, Dkt 138, (filed Sept. 22, 2020).

   **Plaintiff's Response:** [Admitted].

   **Defendant's Reply:  N/A.**


### MabVax v. Honig Litigation

26. On April 8, 2019, MabVax filed a civil complaint against Honig and several other defendants in the Superior Court of California, County of San Diego (the "Fraud Action").  On May 24, 2019, the Fraud Action was removed to the Federal District Court for the Southern District of California. The Fraud Action is still pending.  *See Mabvax Therapeutics Holdings, Inc. v. Honig*, No. 19-cv-00981 (WQH) (MSB), Dkt. 1 (filed May 24, 2019).

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

### Buhl Statements

#### October 31 Article

27. On October 31, 2018, Buhl reported on and published an article on teribuhl.com titled *Honig Deals lead to FINRA Investigation of Laidlaw & Co.* ("October 31 Article").  Buhl Aff., at ¶ 20, Ex. F.

**Plaintiff's Response:** [Disputed in part].

**Defendant's Reply:  There is no genuine factual dispute.  Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the motion.  *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("A non-moving party cannot**

**create a factual dispute merely by denying a movant party's factual statement;**

**rather, the nonmoving party must identify controverting evidence for the court.").**

28. The October 31 Article included the following passage, which Kesner contends is defamatory:

> His crew of alleged bad actors – Team Honig – has been chronicled for years here at *TERIBUHL.com* and by Chris Carey at *Sharesleuth* and Bill Albert at *Barron's*. It consists of biotech billionaire and philanthropist Philip Frost, his fellow co-investing partners Michael Brauser/John O'Rourke/Marc Groussman, John Ford – the promoter who wrote favorable analysis on stocks, priming them for the 'pump' of Honig's 'pump and dump' – and Harvey Kesner, a deal lawyer from SIRF LLP linked to a number of Honig 's investments.
>
> Amended Complaint, ¶ 24

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

## March 26 Article and March 27 Tweet

29. On March 26, 2019, Buhl authored and published an article on teribuhl.com titled *Honig's Puppet CEO Elliot Maza settles with the SEC* ("March 26 Article"). Buhl Aff., at ¶ 32, Ex. H.

**Plaintiff's Response:** [Objection – Rule 56(c)(2) and FRE 402 (Relevance)].

**Defendant's Reply:  Plaintiff does not dispute the factual statement and does not cite to any evidence showing that the factual statement is in dispute, as required by Local Rule 56.1(d).  Instead, Plaintiff merely asserts that the information is not relevant or admissible. The factual statement is therefore deemed admitted.** *See Major League Baseball Properties, Inc.***, 542 F.3d at 314 ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue," and such objections are "clearly insufficient to show a genuine issue to be tried as to the matters described in the documents.");** *Geoghan***, 2009 WL 982451, at \*5-6 ("Since plaintiff's response does not dispute the accuracy of the**

**assertion, the assertion is deemed to be admitted by plaintiff for purposes of this motion.").**

**Further, Plaintiff's assertion that the information is not relevant is without basis. The March 26 Article is relevant since it was attached/hyperlinked to the March 27 Tweet and was the basis for Buhl's statement in the tweet.** ***See infra*** **¶ 31 (Plaintiff admits this fact was true). Lastly, Kesner made this article relevant by claiming the tweet is defamatory.** ***See infra*, at ¶¶ 31-32.**

30. The Court found the March 26 article to not be defamatory towards Kesner as a matter of law. Opinion and Order, Dkt. 114 (filed Jan. 26, 2021).

**Plaintiff's Response:** [Objection – Rule 56(c)(2) and FRE 402 (Relevance)].

**Defendant's Reply:  Plaintiff does not dispute the factual statement and does not cite to any evidence showing that the factual statement is in dispute, as required by Local Rule 56.1(d).  Instead, Plaintiff merely asserts that the information is not relevant or admissible. The factual statement is therefore deemed admitted.** ***See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue," and such objections are "clearly insufficient to show a genuine issue to be tried as to the matters described in the documents.");** ***Geoghan v. Long Island R.R.*, 2009 WL 982451, at \*5-6 (E.D.N.Y. Apr. 9, 2009) ("Since plaintiff's response does not dispute the accuracy of the assertion, the assertion is deemed to be admitted by plaintiff for purposes of this motion.").**

**Further, Plaintiff's assertion that the information is not relevant is without basis.  The March 26 Article is relevant since it was attached/hyperlinked to the March 27 Tweet and was the basis for Buhl's statement in the tweet. *See infra* ¶ 31 (Plaintiff admits this fact was true).  The fact that this Court found the underlying article to not be defamatory as a matter of law is relevant because it lends support that Buhl did not publish with actual malice. *Adelson v. Harris*, 973 F. Supp. 2d 467, 483-85 (S.D.N.Y. 2013), *aff'd*, 876 F.3d 413 (2d Cir. 2017) ("The hyperlink is the twenty-first century equivalent of the footnote for purposes of attribution in defamation law . . ..").**

31. On March 27, 2019, Buhl published a statement on her twitter handle, @buhlreports. ("Tweet").  The tweet incorporated a link to her March 26, 2019 Article.  Buhl Aff., at ¶ 41, Ex. J.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply:  N/A.**

32. The Tweet included the following statement, which Kesner contends is defamatory:

    "The illegal back room deals and intimidation Honig and attorney Harvey Kesner did with BioZone (company A in SEC lawsuit) were egregious and the SEC sat back and watched it happen".

    Amended Complaint, at ¶ 24; Buhl Aff., at ¶ 41, Ex. J.

    **Plaintiff's Response:** [Admitted].

    **Defendant's Reply:  N/A.**

**June 7 Article**

33. On June 7, 2019, Buhl reported on an article that was published by the Cannabis Law Report titled, *US Lawyer, Harvey Kesner, aided accused stock fraudster DeFrancesco in Canadian Cannabis Company stock deal.* Buhl Aff, at ¶ 48, Ex. M.

> **Plaintiff's Response:** [Disputed].
>
> **Defendant's Reply:  There is no genuine dispute.  Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the motion.  *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at \*3 ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").**

34. On June 7, 2019, Buhl reported on and published an article on teribuhl.com titled *New Emails show attorney Harvey Kesner aided Defrancesco in Questionable Cannabis stock*

*deal: $APHA $SOLCF* ("June 7 Article"). Buhl Aff., at ¶ 47, Ex. L.

**Plaintiff's Response:** [Disputed – see Response to Statement 33].

**Defendant's Reply: There is no genuine dispute.  Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the motion.  *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").**

A literal reading of Plaintiff response seems to incorporate his "Response to Statement 33," however, this seems nonsensical since that response was also just a blanket denial.  To the extent that Plaintiff attempts to incorporate his "statements of additional material of fact" contained in 33(a)-33(b), *see infra* at pp. 56-59,

**Defendant incorporates her responses to those additional statements,** *see infra*, **as if fully set forth herein.**

35. The June 7 Article included the following title and passages, which Kesner contends are defamatory:

- *New Emails show attorney Harvey Kesner aided Defrancesco in Questionable Cannabis stock deal: $APHA $SOLCF.*

- an insider, Andy DeFrancesco, was using Barry Honig's deal lawyer to move hidden shares within his family. I am reporting for Cannabis Law Report today that new emails written by attorney Harvey Kesner on behalf of the DeFrancescos could show how the insiders skirt beneficial ownership disclosure rules. I reported last week, DeFrancesco's alleged hidden stock ownership is at the heart of a new securities fraud lawsuit filed against him and his band of sophisticated bad actors by Aphria main street investors.

- When the U.S. broker dealer saw attorney Harvey Kesner was pushing to get the shares through the U.S. clearing system call the DTC the transaction's legitimacy was challenged.

Amended Complaint, at ¶ 25; Buhl Aff., at ¶ 47, Ex. L.

**Plaintiff's Response:** [Admitted].

**Defendant's Reply:  N/A.**

36. These articles were based on emails received from Buhl's Informant 5, and showed correspondence between Kesner and an unnamed broker dealer.  These emails were published in their entirety in the *Cannabis Law Report* article.  Buhl Aff., at ¶¶ 48-50, Ex. M.

Plaintiff's Response: [Disputed. Informant "5" is believed to be an employee of an SEC regulated broker dealer who is also likely subject to written confidentiality obligations to his employer, which he breached. When Kesner's client, a public company, engaged the broker-dealer firm for service in connection with a regulatory requirement for listing its shares on NASDAQ, confidential company files were requested, as is routine, for an

initial deposit of shares into the DTC (depository) system, which all publicly traded companies are required to establish and maintain. The information provided is routine and normal and shows no illegal or improper dealings. Rather, after the broker-dealer was paid a significant sum it refused to perform its contracted services, the issuer sought and received the same service successfully from a second firm without difficulty. The emails improperly disclosed by the firm 1 employee (so-called Informant 5), and published by Buhl, do not reflect any questionable dealings, skirting of rules, transactional illegitimacy. Buhl knew this prior to publication. The issuer has traded successfully on NASDAQ now for several years. The only falsity is Buhl's characterization of normal confidential correspondence and nothing concluded by Buhl as a contributor in Cannabis Law Reports is accurate or complete.]

**Defendant's Reply: There is no genuine dispute. Plaintiff does not deny that the email correspondence between Plaintiff and the broker-dealer, reprinted in their entirety in the Cannabis Law Report article, were true and accurate. Plaintiff in fact admits as much when he states, "The emails improperly disclosed by the firm 1 employee (so-called Informant 5), and published by Buhl. . . ."  Plaintiff's only dispute is to what those emails mean, which is inappropriate argument on a 56.1 statement.**

**Additionally, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A).  Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the**

motion. *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").

In addition, Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).

Also, the additional statements are replete with inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record. They should not contain conclusions ...*' [P]laintiffs cannot evade the impact of accepting a fact by

29

**adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661**

**n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where**

**plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F.**

**Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments**

**and/or immaterial facts in response to facts asserted by Defendant, without**

**specifically controverting those facts."). The Court should strike these additional**

**statements and accept Defendant's fact as admitted. *Holtz*, 258 F.3d at 74; *Emanuel*,**

**2015 WL 1379007, at \*1.**

### Allegations Regarding Actual Malice

37. Buhl began her reporting on Honig and certain his business associates named in the SEC

Action in 2016.  Buhl Aff., at ¶¶ 9-10, Ex. A.

> **Plaintiff's Response:** [Admitted].

> **Defendant's Reply:  N/A.**

38. Kesner has been named as the attorney contact in connection with several public companies

and public company transactions where Honig and/or certain of Honig business partners are

investors since at least 2006.  Paul Decl., at ¶¶ 8-13, Ex. D-I; Buhl Aff., at ¶ 16

> **Plaintiff's Response:** [Disputed. Many dozens of attorneys are named as attorney

> contacts in connection with a multitude of public companies and public company

> transactions where Honig and others invested. Attorney Paul's suggestion that Kesner

> is the ONLY attorney for Honig is false and misleading.].

> **Defendant's Reply:  There is no genuine dispute.  Instead, Plaintiff's dispute**

> **is "supported" only by argument about the meaning of the fact and does not cite to**

> **admissible evidence to the contrary. Thus, Buhl objects pursuant to Rule 56(c) and**

Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A). Therefore, pursuant to Rule 56(e), the Court should consider Buhl's fact undisputed for purposes of the motion. *Major League Baseball Props., Inc.*, 542 F.3d at 314 (responses that use the word "disputed" but do not demonstrate that the dispute is genuine cannot defeat summary judgment); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)); *Attenborough*, 691 F. Supp. 2d at 383 ("The law is clear that 'blanket denials,' wholesale evidentiary objections, and counterstatements unsupported by any citations are insufficient to create genuine issues of material fact."); *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the nonmoving party must identify controverting evidence for the court.").

In addition, Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).

Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely

improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional statements and accept Defendant's fact as admitted. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

39. Buhl reached out to Kesner for input and comment regarding her publications. Buhl Aff., ¶ 60, Ex. P.

> **Plaintiff's Response: [**Admitted. Buhl's requests for comments demonstrate that she always had a preconceived storyline, and published, therefore, with actual malice. It is also evident that when Kesner did not comment, Buhl acted out of revenge, spite, ill-will and with the intent to inflict harm].

> **Defendant's Reply:  Plaintiff admits the stated fact and therefore there is no genuine dispute.  Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d);** *Holtz*, **258 F.3d at 73 ("where there are no citations or where the cited**

materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).

Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument.* They should contain factual assertions with citation to the record. They should not contain conclusions ...' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional statements and accept Defendant's fact as admitted. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

40. Kesner did not answer a series of questions Cannabis Law Report asked via email about the transaction and did not comment on the Cannabis Law Report story.  Buhl Aff., at ¶ 57, Ex. O.

**Plaintiff's Response:** [Admitted. Failure to answer questions by an attorney who maintains strict confidential client relations is not indicative of anything. No one is under any obligation to answer a call from a stranger seeking confidential information.].

**Defendant's Reply:  Plaintiff admits the stated fact and therefore there is no genuine dispute.  Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).**

**Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S.  Info.  Sys., Inc.*, 2006 WL 2136249, at \*3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional statements and accept Defendant's fact as admitted.  *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at \*1**

41. When asked to state all facts that support allegations of actual malice in the Complaint "relating to [Buhl's] reporting, including allegations that the Defendant acted with actual

malice and reckless disregard for the truth," Kesner responded: "The known facts and bases of Plaintiff's contention are stated in paragraph 62 of the Amended complaint. Additional facts are in the exclusive possession of Defendants and their agents, and will be the subject of discovery."  Paul Decl., at ¶¶ 4-5, Ex. B.

     **Plaintiff's Response:** [Admitted].

     **Defendant's Reply:  N/A.**

*       *       *

**(CONTINUED ON NEXT PAGE)**

## PART II

### RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENTS OF ADDITIONAL MATERIAL FACTS

*For the Court's convenience, Defendant Buhl has reproduced below each additional numbered paragraph Plaintiff asserts in his 56.1(b) Response, keeping with Plaintiff's original paragraph numbering.  Defendant's responses and objections are set forth in correspondingly numbered paragraphs in bolded text.*

**1a.**   Kesner is licensed to practice  before  all  State  and  Federal Courts in New York. He is active and in good standing. He has never been censured,suspended or disciplined in connection with any profession, job or employment. In June 2016, the Department Disciplinary Committee of the Supreme Court, First Judicial Department, Appellate Division of the State of New York completed review of allegations in an attorney complaint by Charles F. Benton and stated, "we have determined to take no further action and closed the file on this matter." Kesner has never been accused of or charged with any crime by any State or Federal law enforcement agency, has never been the subject of any criminal complaint by anyone,and has never been the subject of any regulatory action by the Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA") or any other State of Federal agency that regulates the purchase and saleof securities. As an attorney, Kesner has never been a defendant in any litigation or defended any claim of malpractice, wrongdoing or malfeasance, other than the unsubstantiated and false allegations with respect to economic disputes with a prior law firm in which he was a partner and disputed allegations in the dismissed Mabvax litigation brought by a Chapter 11 trustee, where Kesner was dropped as a defendant voluntarily, with prejudice, following

discovery.  Kesner has never committed or been accused of securities fraud or any violation

of any State or Federal securities laws. He did not aid and abet or counsel anyone to commit

securities fraud or to violate anysecurities laws or engage in any unethical conduct in

connection with the purchase and sale of securities or otherwise, and no one - other than the

defendants in this matter - have alleged he had. Kesner has never been a lawyer for or

associated with Dr. Philip Frost or Opko Health. He is not now and never has been the

target or subject of any investigation involving Dr. Philip Frost, Opko Health, Barry Honig,

Riot Blockchain, John O'Rourke, Mabvax, Polarity, Biozone, or any other companyor

person named in the blogs and tweet by Buhl at issue in this action. Neither the SEC nor the

Department of Justice ("DOJ") nor the Federal Bureau of Investigation("FBI") has ever

contacted, subpoenaed, interviewed or noticed Kesner regarding any of the persons or

allegations in the Buhl blogs or tweet. Kesner has not received any Wells Notices and has

not been subpoenaed, deposed or interviewed with respect to any matter referred to in Buhl's

blogs and/or tweet by any government or regulatory authority, or civil litigant. At the time

Buhl published the blogs and tweet at issue, Buhl had no evidence and no good faith basis

to support the scandalous and sensational statements that Kesner had engaged in crimes and

other wrongdoing, rather, Buhl was retaliating presumably for Kesner's representation of a

client who several years earlier had brought a defamation action against Buhl (Honig)

causing her embarrassment and reputational harm having learned her present attorney in this

action, Wesley Paul, was similarly pursuing a discredit campaign, against Dr. Frost and

his co-investor who happened to be Honig, the same Kesner client.  "*69. On about October

18, 2014, Fisher announced to his other attorneys that Pederson was a member of Fisher's

legal team, along with Wes Paul and Jason Hoffman. (011) Wes Paul was fisher's lead*

*attorney ...." 72. From 2014 to 2017, Pederson and Fisher worked together using the three-prong strategy against the Frost gang. Pederson and Fisher worked together on all three aspects of the strategy (a) civil litigation; (b) press coverage; and (c) Federal lw enforcement.".* [*Kesner Answers to Buhl Interrogatories (ECF No. 147-2)*; *Amended Complaint, ¶ 26*].  <u>*Lee Pederson v. Phillip Frost, CoCrystal Pharma, Inc., and Daniel Fisher*</u>, Case No. 19cv1777 JNE/DTS (D. Minn.) July 8, 2019.

**1a.   Defendant's Response: Plaintiff's additional statement is neither separate, short nor concise in direct violation of Local Rule 56.1(b) and on this basis alone the Court can and should strike Plaintiff's statement. *Emanuel*, 2015 WL 1379007, at \*1 (S.D.N.Y. Mar. 25, 2015) ("The Court has considerable discretion in fashioning a remedy to address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules, including striking the statement altogether and deeming admitted all facts in Defendants' Rule 56.1 statements.").**

**In addition, Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions,**

interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."

Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

Moreover, Defendant objects pursuant to Rule 56(c) that many of Plaintiff's "facts" cannot be supported by admissible evidence under the Federal Rules of Evidence. Specifically, Plaintiff's citations to *Lee Pederson v. Phillip Frost, CoCrystal Pharma, Inc., and Daniel Fisher*, Case No. 19cv1777 JNE/DTS (D. Minn.), are hearsay (FRE 802). Also, many of Plaintiff's "facts" are not relevant and are immaterial for purposes of Plaintiff's motion for summary judgment and do not establish a material dispute of fact.

Lastly, Plaintiff's "facts" are only supported by citations to the Amended Complaint (Dkt. 36), however, "the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *See Salahuddin*, 467 F. 3d at 273; *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do not create a material issue of fact"); *Celotex Corp.*, 477 U.S. at 324 (stating that the party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial'" (quoting Fed. R. Civ. P. 56(e)).

Nonetheless, the Court need not resolve any of these evidentiary matters, because once the Court removes Plaintiff's improperly inserted legal arguments and conclusory, irrelevant, and immaterial assertions, none of Plaintiff's purported "additional facts," regardless of whether true or disputed, would preclude summary judgment in favor of Defendant Buhl.

**3a.**   Kesner is 62 years-old.   He lives with his family in Fort Lauderdale, Florida. He is a private individual and built a law practice over a 30 plus year career. Kesner graduated from the State University of New York (Binghamton) in 1979 with a Bachelor of Science in management. He obtained his Juris Doctorate from American University, Washington College of Law, in 1982, and a Master's Degree in Business Administration-Finance from American University in Washington, D.C. in 1984. He has served as a founder, director and officer of many corporations. Kesner began his long career in civil service in a highly coveted position as a securities attorney for the prestigious US Securities and Exchange Commission in Washington, where he excelled and reviewed registrations, filings and

reports, participated in investigation of law violations and regulatory rule making and interpretations under federal securities laws. Both within and without the agency he has participated in innumerable public offerings, mergers, proxy solicitations and contests. He prepared agency responses to no-action letters and interpretive requests on securities law regulatory issues. He also participated in enforcement referrals and investigations for violations of regulatory, compliance and reporting obligations. Between 1982 and 2018, Kesner built an extremely successful practice as an attorney representing clients in securities matters. Kesner was promoted to a named partner in the 50 person New York law firm, Sichenzia Ross Ference Kesner, LLP ("SRFK"), which consistently ranked as one of the top law firms in the nation for issuer, investor and private placement-agent legal counsel. Kesner's law practice focused on finance, mergers and acquisitions, and public company representation, after stints with major national and international law firms and as a general counsel to a NYSE listed public company. He has extensive experience in financing and counseling late-stage private companies transitioning to public company status through initial public offerings and alternative public offerings. Kesner's expertise includes counseling already public companies in SEC filings, compliance (including Sarbanes Oxley) and regulatory reporting, registered public offerings, private offerings, PIPEs, venture capital, leveraged buy-outs, restructurings, workouts, and day-to-day operational and regulatory issues. He served as an Arbitrator for FINRA and the New York Stock Exchange ("NYSE") in numerous securities and employee disputes. He was a frequent speaker on legal developments and evolving financial products and markets. Prior to Buhl's publication of the blogs and tweet at issue in this case, Kesner enjoyed an untarnished personal and professional reputation in the community in which he lived and worked, with

clients, with professionals at his firm, as an author, director, and arbitrator, with colleagues in the law and the securities industry, and with his many friends. [*Amended Complaint*, ¶ *37*].

3a. **Defendant's Response: Plaintiff's additional statement is neither separate, short nor concise in direct violation of Local Rule 56.1(b) and on this basis alone the Court can and should strike Plaintiff's statement.** *Emanuel*, **2015 WL 1379007, at \*1 (S.D.N.Y. Mar. 25, 2015) ("The Court has considerable discretion in fashioning a remedy to address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules, including striking the statement altogether and deeming admitted all facts in Defendants' Rule 56.1 statements.").**

　　**In addition, Plaintiff's additional statements completely disregard the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."**

　　**Moreover, Defendant objects pursuant to Rule 56(c) that many of Plaintiff's "facts" cannot be supported by admissible evidence under the Federal Rules of Evidence. Many of Plaintiff's "facts" are not relevant and are immaterial for purposes**

of Plaintiff's motion for summary judgment and do not establish a material dispute of
fact. *See* Rule 56(c)(1)(B).

Lastly, Plaintiff's <u>only</u> citation to the record for support of his additional
statement is to the Amended Complaint (Dkt. 36), however, "the nonmovant cannot
rest on allegations in the pleadings and must point to specific evidence in the record to
carry its burden on summary judgment."  *See Salahuddin*, 467 F. 3d at 273; *Weinstock
v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do
not create a material issue of fact"); *Celotex Corp.*, 477 U.S. at 324 (stating that the
party opposing a properly brought motion for summary judgment bears the burden of
going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a
genuine issue for trial'" (quoting Fed. R. Civ. P. 56(e)).

Nonetheless, the Court need not resolve any of these evidentiary matters,
because once the Court removes Plaintiff's improperly inserted legal arguments and
conclusory, irrelevant, and immaterial assertions, none of Plaintiff's purported
"additional facts," regardless of whether true or disputed, would preclude summary
judgment in favor of Defendant Buhl.

4a.   Buhl is a blogger. She describes what she does as "Smashmouth Investigative
Journalism". "Smashmouth" means "characterized by brute force without finesse".
https://www.merriam-webster.com/dictionary/smashmouth. As evidenced by the sheer
number of blogs published on her website, www.teribuhl.com, and the substance of those
blogs, Buhl has been out to get Kesner and certain of his former clients for years. [Amended
Complaint, ¶ 24]. Buhl has been jailed by a Connecticut court for endangering a minor

while claiming to be a "journalist". An arrest warrant was earlier issued in Rhode Island for

her on charges of check fraud. She uses no independent fact checkers and is not subject to

editorial oversight or supervision. She is not known to be a member of any professional

association nor does she subscribe to or adhere to any ethical reporting or journalistic

standards. Buhl publishes personal blogs and tweets in which she distributes defamatory

statements fostered by ill-will and theories spawned by her imagination. Buhl has been

known to publish off-color statements, including quotes from her attorney Wesley Paul

(May 9, 2019) as an alleged legal expert on Honig matters involving the SEC action against

Honig, and at other times on popular culture injecting herself in politically charged

controversies, for example in support of the accused harasser of a black man walking a dog

in Central Park - only to take remove her tweets days later. [*Amended Complaint*, ¶¶ 27,

29].

**4a. Defendant's Response: Plaintiff's additional statement is neither separate, short nor**

**concise in direct violation of Local Rule 56.1(b) and on this basis alone the Court can**

**and should strike Plaintiff's statement. *Emanuel*, 2015 WL 1379007, at *1 (S.D.N.Y.**

**Mar. 25, 2015) ("The Court has considerable discretion in fashioning a remedy to**

**address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local**

**Rules, including striking the statement altogether and deeming admitted all facts in**

**Defendants' Rule 56.1 statements.").**

      **In addition, Plaintiff's additional statements completely disregard the**

**requirement that "[e]ach statement . . . must be followed by citation to evidence which**

**would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d);**

***Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not**

support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."

Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

Moreover, Defendant objects pursuant to Rule 56(c) that many of Plaintiff's "facts" cannot be supported by admissible evidence under the Federal Rules of Evidence. Also, many of Plaintiff's "facts" are not relevant and are immaterial for purposes of Plaintiff's motion for summary judgment and do not establish a material

dispute of fact. Although not material, Defendant disputes Plaintiff's characterization that Ms. Buhl is "a blogger." *See* Buhl Aff., at ¶¶ 1-7.   Plaintiff's unsupported notion is simply a smear intended to denigrate Ms. Buhl's professional reputation and evidences Kesner's continued harassment towards Ms. Buhl.

Lastly, Plaintiff's <u>only</u> citation to the record for support of his additional statement is to the Amended Complaint (Dkt. 36), however, "the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *See Salahuddin*, 467 F. 3d at 273; *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do not create a material issue of fact"); *Celotex Corp.*, 477 U.S. at 324 (stating that the party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial'" (quoting Fed. R. Civ. P. 56(e)).


**11a.**   On September 7, 2018, after a thorough, multi-year investigation, the SEC filed a civil enforcement action in the United States District Court for the Southern District of New York (the "SEC Action"). The complaint in the SEC Action does not mention Kesner. [*Amended Complaint, ¶ 46*].

**11a.   Defendant's Response: Plaintiff's additional statement is essentially a copy of Buhl's 56.1 Statement ¶ 11, which Plaintiff admitted as true. Therefore, Defendant admits as true that: "On September 7, 2018, after a thorough, multi-year investigation, the SEC filed a civil enforcement action in the United States District Court for the Southern District of New York (the "SEC Action")."**

However, Plaintiff's additional statement that "[t]he complaint in the SEC Action does not mention Kesner" completely disregards the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).

Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact." Plaintiff's <u>only</u> citation to the record for support of his additional statement is to the Amended Complaint (Dkt. 36), however, "the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *See Salahuddin*, 467 F. 3d at 273; *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do not create a material issue of fact"); *Celotex Corp.*, 477 U.S. at 324 (stating that the party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial'" (quoting Fed. R. Civ. P. 56(e)).

Further, Plaintiff's statement is against the weight of evidence. The SEC Am. Compl. makes allegations concerning "Issuer's Counsel Partner." Issuer's Counsel Partner is the Plaintiff. Buhl 56.1 Statement ¶ 15. Plaintiff has not properly disputed

this fact by providing admissible evidence to the contrary. Therefore, Defendant incorporates her reply to Plaintiff's response to Buhl's 56.1 Statement ¶ 15 as if fully set forth herein. *See supra* Part I, ¶ 15. For these reasons the Court should strike this additional statement. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

**13a.** On March 8, 2019 the SEC filed an amended complaint against the defendants in the SEC Action, after reviewing over 1,200,000 records related to the allegations in the complaint. The SEC did not bring any charges against Kesner or SRFK. The SEC did not even name Kesner as a relief defendant. The SEC did not otherwise suggest in any way that Kesner had engaged in any wrongdoing. There was no information – not a scintilla of evidence – anywhere from which anyone could conclude or infer that any department or agency of the United States believed that Kesner had engaged in any wrongdoing in connection with the matters alleged in the SEC Action. [*Amended Complaint, ¶¶ 48, 49, 50, 51*].

**13a. Defendant's Response: Defendant specifically admits that Kesner and SRFK have not yet been named as a defendant in the SEC Action.**

**Plaintiff's additional statement is neither separate, short nor concise in direct violation of Local Rule 56.1(b) and on this basis alone the Court can and should strike Plaintiff's statement.** *Emanuel*, **2015 WL 1379007, at *1 (S.D.N.Y. Mar. 25, 2015) ("The Court has considerable discretion in fashioning a remedy to address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules, including striking the statement altogether and deeming admitted all facts in Defendants' Rule 56.1 statements.").**

**In addition, Plaintiff's additional statements completely disregard the**

requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."

Plaintiff's <u>only</u> citation to the record for support of his additional statements is to the Amended Complaint (Dkt. 36), however, "the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *See Salahuddin*, 467 F. 3d at 273; *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d. Cir. 2000) ("unsupported allegations do not create a material issue of fact"); *Celotex Corp.*, 477 U.S. at 324 (stating that the party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial'" (quoting Fed. R. Civ. P. 56(e)).

Plaintiff also states that: "There was no information – not a scintilla of evidence – anywhere from which anyone could conclude or infer that any department or agency of the United States believed that Kesner had engaged in any wrongdoing in connection with the matters alleged in the SEC Action." This statement is not supported by admissible evidence but also contains improper legal argument and

conclusions which are improper in a 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at \*3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."). The Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at \*1.

Lastly, Plaintiff's other statements, such as the assertion that the SEC reviewed 1.2 million records, have not been entered into the record and therefore Defendant objects to their admissibility pursuant to Rule 56(c).

**15a.**   SEC Am Compl does not mention Kesner or SRFK in any manner. At the time she published the false statements in this case, Buhl did not know who or when Kesner and SRFK served as counsel for any person. For an approximate 2 year period prior to SRFK serving as counsel to MabVax, for example, the precise time in which the SEC Am Compl alleges improprieties at that company commenced, neither SRFK nor Kesner had any association with MabVax or the transactions involved in the allegations which at the time was known as Telik, Inc. and involved other representations by lawyers at other major national law firms, and not Kesner. Even during SRFK's representation, MabVax was represented by other counsel who handled all matters involving negotiations with

the persons named in the SEC Am Compl. While Kesner performed routine securities and corporate work. Similarly, SRFK and Kesner had no association as counsel or otherwise to MGT until a significant time after the SEC alleges improper investments were made. Rather, attorney Jay Kaplowitz represented MGT during the period relevant to the SEC Action. Mr. Kaplowitz later joined SRFK but was directed by the executive committee to minimize contact and decline further representation. As for Biozone, during a significant period in question, after changing to Co-Crystal Pharma, for example, other counsel represented the company. Neither counsel Wesley Paul nor Defendant Buhl possesses first-hand knowledge of any of these dates or times, or the work done by a multitude of others, which demonstrates their actual malice, and to the extent that other cases have references these matters, Buhl and Paul fail to correctly cite those matters to the Court.

**15a.   Defendant's Response: Plaintiff's additional statement is neither separate, short nor concise in direct violation of Local Rule 56.1(b) and on this basis alone the Court can and should strike Plaintiff's statement. *Emanuel*, 2015 WL 1379007, at \*1 (S.D.N.Y. Mar. 25, 2015) ("The Court has considerable discretion in fashioning a remedy to address Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules, including striking the statement altogether and deeming admitted all facts in Defendants' Rule 56.1 statements.").**

**Plaintiff has not cited to a single piece of evidence for his additional statements, let alone admissible evidence. Plaintiff completely disregards the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be**

admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."

Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S.  Info.  Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts.").  For these reasons the Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

Nonetheless, the Court need not resolve any of these evidentiary matters, because once the Court removes Plaintiff's improperly inserted legal arguments and

**conclusory, irrelevant, and immaterial assertions, none of Plaintiff's purported "additional facts," regardless of whether true or disputed, would preclude summary judgment in favor of Defendant Buhl.**

**23a.**  Fisher's sworn statement, in pertinent part, provides as follows:

E.      Paragraph 6 of the November Article and Paragraph 5 and 8 of the February Article state:

"Rumors have been swirling around the legal field for a while now that Kesner's work with Honig could place him under investigation of the SEC but until now no one has come forward to say they have been interviewed by the SEC about Kesner."[November Article] "The Biozone investor also said they had been interviewed by the Securities and Exchange Commission about their dealings with Barry Honig, his deal lawyer Harvey Kesner, and others the regulator thinks invest with Honig.[February Article]]. "… the Biozone investor is the first person I've interviewed who said the SEC probed him about Kesner's role with Honig."

I did not "come forward" or state to Ms. Buhl that the SEC told me it was investigating Kesner or that I was interviewed by the SEC about Kesner. Any statement in the November Article that stated the SEC was investigating Kesner would not be an accurate recitation of what I said.

I believe I am the investor referred to in the February Article. I had not been interviewed "about" my dealings with deal lawyer Harvey Kesner by the SEC, and did not state or suggest that Mr. Kesner was being investigated.  I also never said that the SEC probed me "about" Kesner's role with Honig. Rather the plain meaning of my statements was that Mr. Kesner was a lawyer for a transaction I reported to the SEC which resulted in private litigation, and not that Kesner had a role in the litigated matters other than that. If that is a quote attributed to me, permission to quote me was not given, and it is inaccurate and out-of-context.

Fisher's sworn statement disputes nearly every claim Buhl has made concerning Kesner, and raises significant questions about her veracity, her claims to journalistic privilege, the confidentiality of her "sources", and her malicious intentions. Fisher was represented in the *Biozone* case by lawyer Wesley Paul, the same lawyer representing Buhl. Paul will be a key fact witness for Kesner at trial. Paul has been named in pending litigation as a key operative of Fisher in pursuing compensation from investors in Biozone. Paul and another lawyer, Lee Pederson, coordinated a media, litigation, and letter campaign to discredit the investors, and embarrass them until they were paid millions. Buhl's lawyer, Wesley Paul, as well as Pederson, sought out

writers such as Buhl and provided their script for articles to be written in a campaign to wring

cash settlements from the investors. In this campaign, Paul and Pederson likely communicated

falsehoods and theories to Buhl concerning Kesner.

**23a.    Defendant's Response: Defendant asserts that Fisher's sworn statement speaks for**

**itself.  Buhl 56.1 Statement ¶ 23.  Plaintiff's additional statements are neither separate,**

**short nor concise in direct violation of Local Rule 56.1(b) and on this basis alone the Court**

**can and should strike Plaintiff's statement. *Emanuel*, 2015 WL 1379007, at \*1 (S.D.N.Y.**

**Mar. 25, 2015) ("The Court has considerable discretion in fashioning a remedy to address**

**Plaintiffs' failure to submit a Rule 56.1 statement in conformity with the Local Rules,**

**including striking the statement altogether and deeming admitted all facts in Defendants'**

**Rule 56.1 statements.").**

**Further, Plaintiff has not cited to a single piece of evidence for his additional**

**statements, let alone admissible evidence. Plaintiff completely disregards the requirement**

**that "[e]ach statement . . . must be followed by citation to evidence which would be**

**admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at**

**73 ("where there are no citations or where the cited materials do not support the factual**

**assertions in the Statements, the Court is free to disregard the assertion" (internal**

**quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule**

**56.1(d), because Plaintiff has failed to cite to any materials on the record, including**

**documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or**

**other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."**

**Also, the additional statements contain inappropriate legal arguments and other**

**irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule**

56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts.").  For these reasons the Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

Nonetheless, the Court need not resolve any of these evidentiary matters, because once the Court removes Plaintiff's improperly inserted legal arguments and conclusory, irrelevant, and immaterial assertions, none of Plaintiff's purported "additional facts," regardless of whether true or disputed, would preclude summary judgment in favor of Defendant Buhl.

**25a.**  The confidential settlement between SRFK and the Chapter 11 debtor followed a lengthy mediation in which all claims were denied by the firm. Kesner was dismissed with prejudice from the case prior to settlement.

**25a.   Defendant's Response: Plaintiff has not cited to a single piece of evidence for his additional statements, let alone admissible evidence. Plaintiff completely disregards the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258**

**F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."**

 **Nonetheless, none of Plaintiff's purported "additional facts," regardless of whether true or disputed, would preclude summary judgment in favor of Defendant Buhl.**

27a. On October 31, 2018, Buhl published a blog on her website, entitled Honig Deals Lead to FINRA Investigation of Laidlaw & Co. (the "October 31 Article").

27a. **Defendants Response: Plaintiff has essentially copied Buhl's 56.1 Statement ¶ 37 and has added no additional facts. Although not material, Defendant disputes Plaintiff's characterization that Buhl's article was a "blog."  It makes no difference under the law whether the factfinder considers the article a "blog" or an article, Plaintiff is simply continuing his harassing and denigrating behavior towards Ms. Buhl, without citing to any supporting evidence.  For these reasons the Court should strike this additional statement. Holtz, 258 F.3d at 74; Emanuel, 2015 WL 1379007, at \*1.**

28a. There neither is nor ever was a "Team Honig". Kesner was never a part of any such "Team". Kesner is not a "bad actor" as that terms is defined by the securities laws. He has no disciplinary, regulatory or criminal record of any kind. Rather phrases like this were coined by Pederson (and Paul) and adopted by Buhl, in all likelihood.

28a. **Defendant's Response: Plaintiff has not cited to a single piece of evidence for his**

additional statements, let alone admissible evidence. Plaintiff completely disregards the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."

Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions and speculations, which are completely improper in a Rule 56.1 statement. *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements."); *Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts.").  For these reasons the Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

Nonetheless, none of Plaintiff's purported "additional facts," regardless of whether true or disputed, would preclude summary judgment in favor of Defendant Buhl.

**32a.**   Kesner was never involved in any illegal conduct or intimidation involving Biozone. The records of the SEC, including pleadings and papers filed in the SEC Action, refute Buhl's statements and demonstrate that the SEC aggressively pursued "pump and dump" allegation involving Biozone and never sat back and watched Kesner do anything.

**32a.   Defendant's Response: Plaintiff has not cited to a single piece of evidence for his self-serving additional statements, let alone admissible evidence. Plaintiff completely disregards the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."**

**Also, the additional statements contain inappropriate legal arguments and other irrelevant, immaterial, and conclusory assertions, which are completely improper in a Rule 56.1 statement. *U.S.  Info.  Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements."); *Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*,**

**868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts.").  For these reasons the Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at \*1.**

**33a.**   On June 7, 2019, Buhl published a blog on her website, entitled "*New Emails show attorney Harvey Kesner aided Defrancesco in Questionable Cannabis stock Deal: $APHA $SOLCF*" (the "June 7 Article").  The June 7 Article contains a hyperlink to an article published by Buhl on June 7, 2019 in the "Cannabis Law Report",  entitled  "*US Lawyer, Harvey Kesner, aided accused stock fraudster DeFrancesco in Canadian Cannabis Company stock deal*.  The June 7 Article contains the following false statements about Kesner:

- "New Emails show attorney Harvey Kesner aided Defrancesco in Questionable Cannabis stock Deal: $APHA $SOLCF".

- "An insider, Andy DeFrancesco, was using Barry Honig's deal lawyer to move hidden shares within his family. I am reporting for Cannabis Law Report today that new emails written by attorney Harvey Kesner on behalf of the DeFrancescos could show how the insiders skirt beneficial ownership disclosure rules. I reported last week, DeFrancesco's alleged hidden stock ownership is at the heart of a new securities fraud lawsuit filed against him and his band of sophisticated bad actors by Aphria main street investors."

- "When the U.S. broker dealer saw attorney Harvey Kesner was pushing to get the shares through the U.S. clearing system call the DTC the transaction's legitimacy was challenged."

**33a.   Defendant's Response: Plaintiff has essentially copied Buhl's 56.1 Statement ¶¶ 34-35. Although not material, Defendant disputes Plaintiff's characterization that Buhl's article was a "blog."  It makes no difference under the law whether the article is a "blog" or an article, Plaintiff is simply continuing his harassing and denigrating behavior towards Ms. Buhl, without citing to any supporting evidence.**

Defendant also objects to the statement: "The June 7 Article contains the following false statements about Kesner." Plaintiff has not cited to a single piece of evidence for his self-serving additional statement, let alone admissible evidence, supporting his contention that the statements in the June 7 Article are false. Plaintiff completely disregards the requirement that "[e]ach statement . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *Holtz*, 258 F.3d at 73 ("where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)). Thus, Buhl objects pursuant to Rule 56(c) and Local Civil Rule 56.1(d), because Plaintiff has failed to cite to any materials on the record, including documentary evidence, affidavits or declarations, admissions, interrogatories, answers, or other materials, as set forth in Rule 56(c)(1)(A), to support his assertions of "fact."

Also, the statement is an inappropriate legal argument and conclusion which is completely improper in a Rule 56.1 statement. *U.S.  Info.  Sys., Inc.*, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'*Rule 56.1 statements are not argument*. They should contain factual assertions with citation to the record. They should not contain conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal argument to their counterstatements.")*; Costello*, 783 F.Supp.2d at 661 n. 5 (disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff responded with conclusory assertions or legal arguments); *Risco*, 868 F. Supp. at 86 n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts.").  For these reasons the Court should strike these additional statements. *Holtz*, 258 F.3d at 74; *Emanuel*, 2015 WL 1379007, at *1.

**33b.**  Kesner disputes that the emails show he aided and abetted anyone in any securities

fraud, or that he helped anyone skirt beneficial ownership rules, or that he engaged any

illegitimate transactions or other unlawful or improper conduct with Andy DeFrancesco.

**33b.   Defendant's Response: Plaintiff's asserted fact is unsupported by admissible**

**evidence and is simply inappropriate legal argument and conclusion which is**

**completely improper in a Rule 56.1 statement.** *U.S.  Info.  Sys., Inc.***, 2006 WL 2136249,**

**at \*3 (S.D.N.Y. Aug. 1, 2006) ("'***Rule 56.1 statements are not argument***. They should**

**contain factual assertions with citation to the record. They should not contain**

**conclusions …' [P]laintiffs cannot evade the impact of accepting a fact by adding legal**

**argument to their counterstatements.")***; Costello***, 783 F.Supp.2d at 661 n. 5**

**(disregarding plaintiff's responses to defendant's Rule 56.1 Statement where plaintiff**

**responded with conclusory assertions or legal arguments);** *Risco***, 868 F. Supp. at 86**

**n.2 ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial**

**facts in response to facts asserted by Defendant, without specifically controverting**

**those facts.").  For these reasons the Court should strike these additional statements.**

*Holtz***, 258 F.3d at 74;** *Emanuel***, 2015 WL 1379007, at \*1.**

**41a.**  Buhl published the false statements at issue with actual malice. She knew the statements

were false or published them with reckless disregard for the truth.  Buhl's prior commentary

on her website demonstrates that she was intimately familiar with the facts associated with

Honig's alleged schemes. Based upon her knowledge and review of the SEC Action and

the Biozone matter, Buhl knew that Kesner did not participate in any "pump and dump

schemes". Buhl knew that MabVax did not accuse Kesner of any securities law

violations but a Chapter 11 trustee sought return of fees and damages amid claims of
malpractice, principally from which Kesner was dismissed, with prejudice. Buhl knew
that Kesner had no criminal record and had never been accused of any "illegal" activity or
wrongdoing by any law enforcement agency, disciplinary body or regulatory agency,
including the SEC. Buhl knew there was no evidentiary basis upon which to label Kesner a
"bad actor". Buhl knew that Kesner did not assist, aid or abet Andy DeFrancesco in any
securities fraud or other illegal or unethical conduct because _none_ of emails in Buhl's
possession showed that Kesner did.  Based upon her discussions with Daniel Fisher whose
counsel was the very same Wesley Paul on which Buhl relies and is pursuing this action
on behalf of Buhl with claims wildly divergent from the attestations of Mr. Fisher, and her
review of his sworn statement, Buhl knew that Kesner did not engage in  any  "back  room
deals" with Biozone or any "intimidation" of Biozone. Significantly,  Buhl  had  no
evidence  from  any  source  that  the  SEC  sat  back  and "watched  it  happen".  She
completely  fabricated  the  statements  in  the  tweet.  In  addition  to  her  actual  knowledge
that  statements  were  false,  the  totality  of  Buhl's  blogs  and  commentary  about  Kesner  on
her  website  demonstrates  that  Buhl  was  out  to  get  Kesner.  Buhl  intended  to  inflict  harm
upon him through knowing or reckless falsehoods. *See, e.g., Don King Productions, Inc. v.
Walt Disney Co.*, 40 So.3d 40, 45 (Fla. 4th DCA 2010) ("[a]n intention to portray a public
figure in a negative light, even when motivated by ill will or evil intent, is not sufficient to
show actual malice unless the publisher intended to inflict harm through knowing or
reckless falsehood.") (citing *Garrison v. Louisiana*, 379 U.S. 64, 73 (1964)); *Cochran v.
Indianapolis Newspapers, Inc.*, 175 Ind.App. 548, 372 N.E.2d 1211, 1221 (1978)
(evidence of ill will creates jury question on actual malice where "[t]here are no  facts  or

statements of record which even remotely support" the defamatory implication at issue). Finally, Buhl's blogs and tweet demonstrate that she intended to sensationalize the "news" about Kesner and thus, to publish statements with actual malice. *Tomblin v. WCHS-TV8*, 2011 WL 1789770, at * 5 (4th Cir. 2011) (unpublished) ("on the question of whether WCHS-TV8 deliberately or recklessly conveyed a false message to sensationalize the news and thus to provide factual support for a finding of malice, there are disputed facts").

**41a.  Defendant's Response: Defendant objects to the entirety of Plaintiff's Statement 41a.  Plaintiff's last statement of "material fact" is a perfect example of Plaintiff's manifest failure to comply with the Federal Rules of Civil Procedure, this District's time-honored Rule 56.1, and your Honor's Individual Rules and Practices.  The statement is neither short nor concise, but rather, conclusory, argumentative, and most importantly, unsupported. Statement 41(a) does not contain a single citation to the record or other admissible evidence.  Statement 41(a) is pure legal argument, more suited for a memorandum of law than a 56.1 Statement.  As numerous courts have stated, such a tactic is improper and in direct violation of Rule 56.1, and courts regularly strike or disregard such an impermissible attempt to disregard the rules of procedure and evidence.**

**The Court is "not required to consider what the parties fail to point out," *Monahan*, 214 F.3d at 292, nor is the Court required "to search the record for genuine issues of material fact," *Risco*, 868 F. Supp. at 86 n.2.  That burden is entirely on the Plaintiff and his counsel.  *Id.*  In this last additional statement, and for that matter the Plaintiff's entire 56.1(b) Response, Plaintiff has failed to meet this burden.  In fact, Plaintiff has not introduced a single piece of evidence to support his facts or his claim.**

**This Court has the discretion to strike Plaintiff's entire 56.1(b) Response,** *Emanuel*, **2015 WL 1379007, at \*1, which the Defendant respectfully urges the Court to do.**

Dated: September 12, 2021
      New York, New York

Respectfully submitted,

_____

Wesley J. Paul, Esq.
Everest R. Schmidt, Esq. (*pro hac vice*)

PAUL LAW GROUP, LLP

902 Broadway, 6th Floor
New York, NY 10010
Tel: (646) 278-9955
Fax: (646) 514-6829
wpaul@paullawgrp.com
eschmidt@paullawgrp.com
*Counsel for Defendant Teri Buhl*