

**PAUL LAW GROUP**
Limited Liability Partnership

Wesley J. Paul
wpaul@paullawgrp.com

902 Broadway, FL 6
New York, New York 10010

T: 646.278.9955 I F: 646.514.6829

March 24, 2022

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

      Re:    *Kesner v. Buhl*, 20-cv-03454 (PAE) (S.D.N.Y.)
            Letter Motion for Costs and Fees pursuant to FRCP Rule 54

Dear Judge Engelmayer:

    We write the Court to request costs and fees pursuant to FRCP Rule 54(d)(1) ("Costs Other Than Attorney's Fees") and Rule 54(d)(2) ("Attorney's Fees").

    FRCP 54(d)(1) expressly provides that, "Unless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees- should be allowed to the prevailing party."  In accordance with the Court's Opinion and Order, dated March 10, 2022 [Dkt. 155] (the "Decision"), Defendant Buhl is deemed to be the prevailing party in this matter.  Costs are estimated to be an amount not less than $1,750.00, and Defendant Buhl is prepared to provide itemization in support of such costs in connection with any Court order directing the payment to Defendant Buhl by Plaintiff Kesner of such costs.  We are not aware of any federal statute, court order or rules otherwise contained in the FRCP that would contravene the Court's award of costs to Defendant Buhl.

    With respect to Rule 54(d)(2) ("Attorney's Fees"), the bases for Defendant Buhl's request for attorney's fees is the Decision, the Court's inherent equity authority and FRCP Rule 11.  The Decision makes plain what Defendant Buhl has maintained since the commencement of litigation – that Plaintiff Kesner had absolutely no basis whatsoever to bring any claims against Buhl.  As the Decision notes, "Kesner did not appear to have taken any discovery or . . . engaged in any active litigation in this case."

    The principle known as the "American Rule" is well established and generally holds that each party bears his/her owns attorney's fees, unless otherwise provided by statute, regulation or contract.  *Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013).  A key exception to the American Rule, however, is that a "court may assess attorney's fees when a party has… acted in bad faith, vexatiously, wantonly or for oppressive reasons."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46.  The Decision makes abundantly clear the bad faith of the Plaintiff in filing and maintaining a knowingly meritless federal lawsuit against Buhl. Bad faith includes "conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973).  The conduct of the Plaintiff can only lead to one conclusion:

Plaintiff brought this frivolous action for the sole purpose of harassing Buhl. Plaintiff's failure to voluntarily dismiss or seek leave to dismiss his actions against Buhl can only be interpreted as an attempt to extract time and resources away from Buhl. For this reason, we ask that the Court, using its inherent and well-recognized equitable authority, order Plaintiff to pay Buhl her attorney's fees, in an amount fairly estimated to be $234,900, an amount which only includes attorneys' time spent since the filing of the Court's Order and Decision, filed January 26, 2021, on the respective parties' motions to dismiss (Dkt. 114).[1]

In addition, we ask for sanctions to be imposed on Plaintiff's counsel, Steven Biss. Rule 11(b) of the FRCP states that an attorney who presents any filing to the court certifies to the best of knowledge, information and belief formed after reasonable inquiry, that such filing is: (1) not presented for an improper purpose; (2) warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) either supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Rule 11 requires that counsel undertakes "reasonable inquiry" to ensure that filings are "well grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney v. Yamaha Motor Corp., U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013).

Even after giving Mr. Biss every benefit of the doubt in filing the original and amended complaints in this matter, there is, at a minimum, no reasonable basis for Mr. Biss to have continued to maintain this action after the close of discovery. As the Court duly noted, Plaintiff failed to conduct any substantive discovery to prove his claims and relied almost wholly on either conclusory allegations in the complaint or legal conclusions. No reasonable basis existed after the close of discovery for Mr. Biss to have continued this action on behalf of his client, let alone file opposition papers to Buhl's motion for summary judgment.

Many applications of a Rule 11 motion for sanctions arise only after passage and conformity with Rule 11's "safe harbor" provision. FRCP 11(c)(2). This safe harbor provision generally requires that Buhl provide Plaintiff with at least 21 days' notice prior to filing a Rule 11 motion in order to allow the other party to withdraw the groundless claim(s).[2] This is not the case here. Rule 11(b)(3) requires Mr. Biss to "continuously make sure that his [client's] allegations have evidentiary support." *L.I. Head Start Child Dev. Servs., Inc., v. Frank*, 165 F. Supp. 2d 367, 372 (E.D.N.Y. 2001). No reasonable counsel could conclude that Plaintiff's remaining claims had merit following the close of discovery. Violations of Rule 11(b)(3) of the type here, are generally not subject to the safe harbor provisions of Rule 11.[3]

Courts imposing Rule 11 sanctions are guided by Rule 11(c)(4) which states that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others

---

[1] Concurrent to the filing of this letter motion, Buhl filed in NY Supreme Court a claim for relief for attorney's fees and costs pursuant to N.Y. Civ. Rights Law § 70-a(1)(a).

[2] Prior to obtaining representation in this matter, Buhl stated in a Joint Letter to the Court [Dkt. 84, filed May 13, 2020], that, "Buhl will be seeking [from Biss] monetary sanctions, a suspension from practicing law, and removal of knowingly false statements of facts in the FAC."

[3] We also note that the Court is empowered by Rule 11 to initial proceedings sua sponte. FRCP Rule 11(c)(1)(B).

similarly situated." Mr. Biss has been recently reported to have been sanctioned $33,875 and $21,437.50, for filing cases sounding in defamation against media organizations and/or affiliated persons that courts have found to be frivolous. (*See*: https://www.techdirt.com/2021/07/14/devin-nunes-lawyer-steven-biss-finally-gets-sanctioned-wacky-defamation-case/). Given Mr. Biss' long history of sanctionable conduct and the apparent failure of past sanctions to deter the filing and maintenance of this action against Buhl, we propose a separate sanction against Mr. Biss in an amount not less than $75,000.

We are available to discuss at the Court's discretion and convenience.

Respectfully submitted,

By: /s/ Wesley J. Paul

Wesley J. Paul
Everest R. Schmidt (*pro hac vice*)
PAUL LAW GROUP, LLP
902 Broadway, Floor 6
New York, New York 10010
Tel: (646) 248-9955
wpaul@paullawgrp.com
eschmidt@paullawgrp.com
*Attorneys for Teri Buhl*

cc: All counsel of record (via ECF)

Mr. Kesner and Mr. Biss's response will be due March 31, 2022.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
March 25, 2022