UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARVEY J. KESNER,

                        Plaintiff,

         -v-

TERI BUHL,

                        Defendant.

20 Civ. 3454 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On April 11, 2022, the Court granted plaintiff Teri Buhl's motion for summary judgment against defendant Harvey J. Kesner in its entirety, and granted Kesner's motion to dismiss Buhl's counterclaim. *See* Dkt. 155. On March 24, 2022, the Court received a letter motion from Buhl seeking sanctions against Kesner, and his attorney, Steven Biss, Esq. *See* Dkt. 159. On March 31, 2022, the Court received a response from Kesner and Biss opposing the sanctions motion.[1] *See* Dkt. 162.

For the reasons that follow, the Court denies Buhl's motion for sanctions.

**I.    Applicable Legal Standards**

If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). In its discretion, a Court can award such sanctions where the filing is "being presented for any improper purpose, such as to harass, cause unnecessary

---

[1] On April 8, 2022, after the motion and opposition for sanctions were filed, Kesner appealed the grant of summary judgment. *See* Dkt. 163.

Case 1:20-cv-03454-PAE   Document 165   Filed 05/02/22   Page 2 of 4

delay, or needlessly increase the cost of litigation;" the claims are "[un]warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and/or "the factual contentions" lack "evidentiary support." *Id.* 11(b). "Such an award serves two ends: it 'vindicat[es] judicial authority,' and it makes the wronged party 'whole for expenses caused by his opponent's obstinacy.'" *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, Nos. 19-1031, 19-1297, 2021 WL 968819, at *4 (2d Cir. Mar. 16, 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

"Because of its potency, however, a court's inherent power [to sanction] 'must be exercised with restraint and discretion.'" *Id.* at *5 (quoting *Chambers*, 501 U.S. at 44). When it comes to monetary sanctions, a court should sanction only "'bad faith, vexatious[], [or] wanton[]' acts or actions undertaken for 'oppressive reasons.'" *Id.* (quoting *Chambers*, 501 U.S. at 45–46). "[S]eparating frivolous claims from mere zealous advocacy can be difficult," and thus courts are required "to make two findings before imposing such sanctions: first, that 'the challenged claim was without a colorable basis' and, second, that 'the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay.'" *Id.* (quoting *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)). "[B]oth findings 'must be supported by a high degree of specificity in the factual findings.'" *Enmon*, 675 F.3d at 143 (quoting *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).

A claim is without colorable basis when it "lacks any legal or factual basis." *Wolters Kluwer Fin. Servs.*, 564 F.3d at 114. "Conversely, a claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) (quotations omitted). As to the bad-faith requirement, bad faith "may be inferred 'only if actions are so

completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay'" or harassment. *Id.* at 336 (quoting *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). In determining whether such conduct is sanctionable, a "court should primarily focus on the *intent* of the potentially sanctionable conduct, not on its *effect*." *Int'l Techs. Mktg.*, 2021 WL 968819, at *5.

### 1. Analysis

Buhl moves for sanctions on the ground that Kesner and Biss, "[h]ad absolutely no basis whatsoever to bring any claims against Buhl." *See* Dkt. 159. Buhl emphasizes that Kesner did not take any discovery. According to Buhl, Kesner's failure to voluntarily dismiss the case while not seriously pursuing it "can only be interpreted as an attempt to extract time and resources away from Buhl." *See id.*

Although Buhl's application presents a close question, the Court finds sanctions unwarranted.

Here, Kesner's defamation claims against Buhl were, in part, colorable, even if they ultimately did not prove meritorious. The Court sustained some of Kesner's claims on Buhl's motion to dismiss—those based on the allegation in Buhl's blogs that Kesner had committed a crime. *See* Dkt.114. And the record contained—even without affirmative discovery developed by Kesner—a modicum of evidence of casual reporting by Buhl, including the allegation by an anonymous source that his statements had been falsely reported. *See* Dkt. 155 at 5 (discussing the claim by Daniel Fisher that statements for which he believed he was Buhl's source were not, in fact, ones he had made). Although the Court ultimately found insufficient evidence of actual malice for Kesner's claims to reach a jury, there was just enough indicia of sloppiness among Buhl's blogs to make his defamation claim non-frivolous. And although Buhl's accusation of

3

criminality on Kesner's party had strong circumstantial support, Kesner could also fairly note that no prosecutor or securities regulatory authority had brought charges against him arising from his dealings with his client, Barry Honig.

More important, the Court does not find evidence of bad faith on Kesner's or Biss's part in bringing or pursuing the defamation claims. "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs.*, 564 F.3d at 114. Apart from Kesner's failure to take discovery, Buhl does not point to any evidence of bad faith by Kesner or Biss. There was no effort to multiply or delay proceedings. On the contrary, the streamlined discovery record facilitated efficient briefing on the motion for summary judgment. *See Prescott v. Nationwide Mut. Ins. Co.*, No. 17 Civ. 6508, 2019 WL 7842538, at *17 (E.D.N.Y. Aug. 27, 2019), *report and recommendation adopted,* No. 17 Civ. 6508, 2020 WL 64185 (E.D.N.Y. Jan. 7, 2020).

## CONCLUSION

For these reasons, the Court denies Buhl's motion for sanctions. The Clerk of the Court is respectfully directed to terminate the motion pending at docket 159. This case remains closed.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 2, 2022
      New York, New York

4